**Rudolph W. GUNNERMAN, Appellant and Cross–Appellee,**

v.

**BASIC CAPITAL MANAGEMENT, INC., Appellee and Cross–Appellant,**

v.

**RWG, Inc., A–55, L.P. and A–55, Inc., Cross–Appellees.**

No. 05–02–00821–CV.

Court of Appeals of Texas, Dallas.

May 14, 2003.

Jeffrey M. Tillotson, Lynn, Tillotson & Pinker, L.L.P., Dallas, for appellant.

John F. Redwine, Redwine Law Offices, Dallas, for appellee.

Before Justices WRIGHT, FARRIS,[1] and ROSENBERG.[2]

## OPINION

Opinion by Justice FARRIS (Retired).

This is a bill of review proceeding brought by Rudolph W. Gunnerman and RWG, Inc., A–55, L.P., and A–55, Inc. (collectively, A–55) against Basic Capital Management, Inc. (BCM), seeking to set aside a default judgment against Gunnerman and A–55 for $100,000, attorney's fees, and prejudgment interest. The trial court granted summary judgment in favor of Gunnerman and A–55 on the issue of their entitlement to relief by bill of review. After trial on the merits, the trial court entered judgment that BCM take nothing against Gunnerman or A–55. The trial court then granted BCM's motion for new trial and entered judgment that BCM recover $100,000 from Gunnerman based on unjust enrichment.

On appeal, Gunnerman contends in two issues that the trial court erred in granting BCM's motion for new trial and in granting BCM judgment against Gunnerman. BCM filed a cross-appeal, contending in two issues that the trial court erred in (1) granting Gunnerman and A–55 summary judgment and setting aside the default judgment and (2) denying BCM judgment on its breach of contract claim. Because there is an issue of fact regarding whether Gunnerman and A–55 were diligent in exercising their legal remedies, the trial court erred in granting Gunnerman's and A–55's motion for summary judgment. Accordingly, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

Gunnerman controls A–55 which is developing an alternative use for certain petroleum products. BCM was considering investing in A–55 and, during the negotiations, wired $100,000 to Gunnerman's bank account. BCM never executed the agreement signed by Gunnerman.

On January 19, 2000, BCM sued Gunnerman and A–55, seeking the return of the $100,000 BCM had wired to Gunnerman. Neither Gunnerman nor A–55 filed an answer, and on March 17, 2000, BCM took a default judgment against Gunnerman and A–55 for $100,000 plus prejudgment interest and attorney's fees. BCM's counsel informed Gunnerman's and A–55's counsel of the default judgment on May 1, 2000.

On October 9, 2000, BCM domesticated the judgment in Nevada. Gunnerman and A–55 successfully sought to stay enforcement of the foreign judgment in Nevada, and on February 7, 2001, filed their petition for bill of review in Texas seeking to set aside the default judgment.

Gunnerman and A–55 filed a motion for summary judgment on the issue of whether they were entitled to relief by way of bill of review, arguing they were never properly served, they believed BCM had granted an extension of time to answer the petition, and BCM, in violation of the local rules, obtained the default judgment without notice to Gunnerman or A–55. BCM responded, arguing the motion should be denied because Gunnerman and A–55 had failed to conclusively prove that they had a

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

meritorious defense or that they had exhausted all available legal remedies. On October 3, 2001, the trial court granted the motion and set aside the default judgment.

At trial on the merits, BCM sought to recover the $100,000 from Gunnerman and A–55 on theories of breach of contract and unjust enrichment. The trial court ruled BCM should take nothing. But the trial court granted BCM's motion for new trial as to Gunnerman and, on March 6, 2002, granted BCM judgment for $100,000 against Gunnerman on BCM's unjust enrichment claim. The trial court denied Gunnerman's motion for new trial, and Gunnerman and BCM appealed.

## BILL OF REVIEW

### A. Waiver

■ Gunnerman argues BCM waived its right to complain about the trial court's granting of the motion for summary judgment by (1) failing to list the date of the summary judgment order in BCM's notice of appeal and (2) specifically listing other issues relating to the final judgment in BCM's notice of appeal.

#### 1. Texas Rule of Appellate Procedure 25.1(d)(2)

Gunnerman first contends Texas Rule of Appellate Procedure 25.1(d)(2) requires that BCM list the date of the order or judgment appealed from and, because

BCM listed only the March 6, 2002 final judgment in its cross-notice, BCM has waived its right to complain about the order granting summary judgment. However, the October 3, 2001 order granting summary judgment merged into the March 6, 2002 final judgment. *Webb v. Jorns*, 488 S.W.2d 407, 408–09 (Tex.1972); *Stephens v. Dallas Area Rapid Transit*, 50 S.W.3d 621, 625 n. 1 (Tex.App.-Dallas 2001, pet. denied) (concluding partial summary judgment on claims for attorney's fees and exemplary damages merged into trial court's final judgment). Accordingly, BCM's cross-notice appealing the final judgment brought forward the entire case, including earlier interlocutory orders that were not independently appealable. *See Webb*, 488 S.W.2d at 409; 4 TEX. JUR. 3d, *Appellate Review*, § 226 (1999).[3] BCM's appeal from the final judgment, therefore, encompassed the order on the summary judgment motion.

Gunnerman's interpretation of rule 25.1(d)(2) would require a party to list the date of every interlocutory order or ruling in its notice of appeal to avoid the possible waiver of complaints based on that order or ruling. This stringent requirement would not only create a significant hardship for the parties and the appellate courts, particularly in cases involving a substantial number of interlocutory orders, but could lead to many cases being decided

---

**3.** Gunnerman relies on *Urso v. Lyon Financial Services, Inc.*, 93 S.W.3d 276, 278 (Tex. App.-Houston [14th Dist.] 2002, no pet.), for the proposition that BCM failed to perfect an appeal from the summary judgment order by not including the date of the order in the cross-notice. The Houston Fourteenth Court of Appeals stated in *Urso* that the "notice of appeal identifies the order appointing a receiver as the order appealed from; our review is confined to complaints related to that order." *Id.* However, the *Urso* court was confronted with an interlocutory appeal of an order appointing a receiver. Rather than

providing the court with argument and authority regarding why the receiver should not have been appointed, the appellant attempted to attack the underlying default judgment; a final judgment that would not have merged into the order appointing the receiver. The *Urso* court noted it was statutorily limited as to the issues that could be considered in an interlocutory appeal and concluded the appellant waived the issues that could be considered due to inadequate briefing. *Id.* We do not read *Urso* as concluding rule 25.1(d)(2) abrogates the merger doctrine.

on the technical ground that a specific order date was not listed in the notice of appeal. The requirement the date of the order or judgment being appealed from be included in the notice of appeal should not create such a trap for a party attempting to appeal a trial court's ruling.

### 2. Limited Appeal

■ Gunnerman next argues BCM waived its right to complain about the order granting summary judgment because BCM specifically stated in its cross-notice that the trial court erred (1) in finding there was no breach of an enforceable oral agreement; (2) in not finding A–55 was unjustly enriched; and (3) in not awarding BCM its attorney's fees. These issues are directed toward the final judgment, not the trial court's ruling on the motion for summary judgment.

Gunnerman essentially argues BCM restricted its appeal by specifically listing certain issues in the cross-notice. Although the rules of appellate procedure provide for filing a limited appeal, the specific issues to which the appeal is being limited must be set out in the request to the court reporter for a partial reporter's record. *See* TEX.R.APP. P. 34.6(c)(1). The other party is then able to request additional portions of the record relevant to those specific issues. *Id.* 34.6(c)(2). The rules of appellate procedure do not provide that the listing of certain issues in the notice of appeal limits the party to arguing only those issues in its brief, particularly when, as here, there is a full reporter's record. *See* TEX.R.APP. P. 25.1.

We conclude BCM did not waive its right to complain the trial court erred in granting Gunnerman's motion for summary judgment.

### B. Motion for Summary Judgment

A party moving for summary judgment must establish its right to summary judg-

ment on the issues presented to the trial court by conclusively proving all elements of the movant's claim or defense as a matter of law. *See* TEX.R. CIV. P. 166a(b); *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex.2000). We must take as true all evidence favorable to the nonmovant and make all reasonable inferences in the non-movant's favor. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). BCM contends the trial court erred in granting summary judgment because Gunnerman and A–55 failed to conclusively prove they were entitled to relief by bill of review.

■ A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to challenge by a motion for new trial. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 926–27 (Tex.1999) (per curiam). To succeed in a bill of review, the petitioner must show he (1) has a meritorious defense to the claim alleged to support the judgment, (2) was prevented from making that defense because of the fraud, accident, or wrongful act of the opposing party or because of an official mistake, and (3) was not at fault or negligent. *Id.; Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex.1998). Bill of review relief is available only if a party has exercised due diligence in pursuing all available legal remedies against a former judgment. *Wembley Inv. Co.*, 11 S.W.3d at 927; *McIntyre v. Wilson*, 50 S.W.3d 674, 679 (Tex.App.-Dallas 2001, pet. denied).

■ BCM first argues Gunnerman and A–55 were not entitled to summary judgment because they failed to conclusively prove they exhausted all legal remedies. Gunnerman and A–55 claim that because they were not properly served, they were not required to prove the bill of review elements and were entitled to summary judgment as a matter of law.

Without proper service, Gunnerman and A–55 were not required to prove that they had a meritorious defense, that they were prevented from presenting their defense by BCM's conduct, or that they were not negligent. *Caldwell,* 975 S.W.2d at 537. However, this lack of negligence "refers to the necessity of the petitioner to have not been responsible for the failure to advance the meritorious defense which he claims to have been prevented from making by the actions of the opposing party." *Mowbray v. Avery,* 76 S.W.3d 663, 682 n. 28 (Tex. App.-Corpus Christi 2002, pet. denied). This is distinct from the requirement the bill of review plaintiff must have shown due diligence in pursuing all legal remedies in order to be entitled to seek relief under a bill of review. *Id; see In re A.L.H.C.,* 49 S.W.3d 911, 916 (Tex.App.-Dallas 2001, pet. denied) (bill of review plaintiff claiming lack of service must "exercise due diligence, and if legal remedies were available but ignored, relief by equitable bill of review is unavailable"); *Dispensa v. Univ. State Bank,* 987 S.W.2d 923, 928 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (because party's inaction, rather than lack of notice of default judgment, caused party to fail to exhaust all legal remedies, party was not entitled to relief by bill of review). Accordingly, regardless of whether they were properly served, Gunnerman and A–55 were required to prove as a matter of law due diligence in pursuing all available legal remedies in order to be entitled to summary judgment on their right to a new trial.

Gunnerman and A–55 argue that without proper service they were not required to take any action with regard to the law-

suit. We agree that without proper service Gunnerman and A–55 were not required to file an answer. *Wilson v. Dunn,* 800 S.W.2d 833, 837 (Tex.1991). However, if Gunnerman and A–55 failed to exhaust all available legal remedies to set aside the default judgment after Gunnerman and A–55 were aware the default judgment had been taken, they are not entitled to relief by bill of review. *Wembley Inv. Co.,* 11 S.W.3d at 927 ("If legal remedies were available but ignored, relief by equitable bill of review is unavailable."); *In re Ham,* 59 S.W.3d 326, 332 (Tex.App.-Texarkana 2001, no pet.) ("A person who knew or by exercise of ordinary prudence could have known of the judgment in time to have invoked a legal remedy, but negligently failed to do so, will not have judgment set aside on a bill of review."); *Dispensa,* 987 S.W.2d at 928.

■ BCM's summary judgment evidence showed its counsel faxed a copy of the judgment to Gunnerman's and A–55's counsel on May 1, 2000, within ninety days of the judgment date. Gunnerman's and A–55's summary judgment evidence contained a fax from Gunnerman's and A–55's counsel to BCM's counsel on May 1, 2000 that references "our differing opinions as to the effect of the document you sent me." Therefore, there is an issue of fact regarding whether Gunnerman and A–55 received notice of the default judgment within ninety days of the judgment being signed. If Gunnerman and A–55 did receive the default judgment on May 1, 2000, they could have sought to extend the trial court's plenary power under Texas Rule of Civil Procedure 306a(4) and filed a motion for new trial.[4]

---

4. Texas Rule of Civil Procedure 306a(4) provides:
   If within twenty days after the judgment or other appealable order is signed, a party

adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with re-

Both parties submitted summary judgment evidence that BCM's counsel mailed a copy of the judgment to Gunnerman's and A–55's counsel on June 30, 2000, within six months of the judgment date. Thus, there is an issue of fact regarding whether Gunnerman and A–55 could have filed a restricted appeal pursuant to Texas Rule of Appellate Procedure 30.[5]

There is an issue of fact regarding whether Gunnerman and A–55 were diligent in exhausting all legal remedies, and the trial court erred in granting summary judgment on Gunnerman's and A–55's entitlement to relief by bill of review. We reverse the trial court's grant of summary judgment in favor of Gunnerman and A–55, and remand this case to the trial court for further proceedings. Due to our disposition of BCM's first issue, we need not consider BCM's remaining issue on appeal or the issues raised by Gunnerman. *See* Tex.R.App. P. 47.1.

spect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

Tex.R. Civ. P. 306a(4). Paragraph (1) of rule 306a(4) governs the beginning of the time period in which the trial court has plenary power to grant a new trial, among other things. Tex.R. Civ. P. 306a(1).

5. Texas Rule of Appellate Procedure 30 allows a party who did not participate in the hearing that resulted in the judgment and who did not timely file a postjudgment motion or notice of appeal, to file its appeal within six months after the date the judgment is signed. Tex. R.App. P. 26.1(c), 30. However, if there is no error apparent on the face of the record, a bill of review plaintiff need not file a restricted appeal prior to filing the bill of review. *Wolfe v. Grant Prideco, Inc.*, 53 S.W.3d 771, 774 (Tex.App.-Houston [1st Dist.] 2001, pet. denied); *Jordan v. Jordan*, 36 S.W.3d 259, 264 (Tex.App.-Beaumont 2001, pet. denied).