# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00710-CV

**Janice Wright and Gracy Hill, Appellants**

**v.**

**Texas Commission on Human Rights, David Powell, and Mary Banks, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. GN-204541, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Janice Wright and Gracy Hill appeal the trial court's dismissal of their claims brought under Chapter 106 of the civil practice and remedies code and its grant of the defendants' motion to sever the dismissed claims from others currently pending. We will affirm the judgment of the trial court.

## BACKGROUND

Appellants Wright and Hill are two of a group of plaintiffs who brought suit against the Texas Commission on Human Rights, its executive director, David Powell, and Commissioner Mary Banks, asserting causes of action such as discrimination, retaliation, fraud, and federal and

state constitutional claims including due process, due course of law, and equal protection.[1]  Some of the plaintiffs' claims, including all of appellants' claims, were brought under Chapter 106 of the civil practice and remedies code.  The trial court dismissed all claims brought under Chapter 106, then severed them from the remaining claims.  Appellants now argue that this dismissal was improper, as Chapter 106 was not abrogated by the legislature's enactment of chapter 21 of the labor code prohibiting discrimination, and that the trial court abused its discretion by severing these claims because they share the operative facts, players, and legal theories with the remaining claims and that therefore claim preclusion or res judicata could prevent appellants from bringing their claims separately.

**Dismissal**

First, appellants argue that their claims under Chapter 106 are valid and were not replaced by the Texas Commission on Human Rights Act (TCHRA), and therefore should not have been dismissed.  Appellees respond that we do not have jurisdiction over this issue because appellants did not file a notice of appeal concerning it and that Chapter 106 does not create a cause of action for employment discrimination.

A party appealing a court's judgment must file a notice of appeal, which identifies the court, case number and style of the case, and date of the judgment.  Tex. R. App. P. 25.1(c).  It is this notice that invokes the Court's jurisdiction.  Tex. R. App. P. 25.1(b).  Appellees argue that

---

[1]  Specifically, Wright alleged that she was wrongfully terminated and wrongfully denied higher paying positions at work, and both appellants alleged that when they complained about discrimination, appellees retaliated by rescinding raises and otherwise altering the terms and conditions of their employment.

the notice of appeal's failure to refer to the earlier dismissal prohibits appellants from raising the issue because it was not preserved. We disagree. The order dismissing Chapter 106 claims was not a final, appealable order because the claims had not been severed. *See Baker v. Hansen*, 679 S.W.2d 480, 481 (Tex. 1984) (per curiam) (dismissal orders that do not dispose of all issues are interlocutory and do not provide basis for appeal); *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.*, 324 S.W.2d 200, 201 (Tex. 1959) (interlocutory orders such as summary judgment cannot be appealed in absence of severance). Appellants could not have appealed from that order. Their notice of appeal properly identified the court, case number and style of defendants' motion to sever, which was the final judgment in their case.

Furthermore, the text of the order granting the motion to sever refers to the dismissal appellants challenge here: "The court's docket shall show that the severed claims were dismissed, and that consequently the order sustaining the Defendants' *Amended Plea to the Jurisdiction* is a FINAL JUDGMENT." This order merged the dismissal into the judgment severing the case because that was the first final, appealable judgment on the Chapter 106 claims. *See Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1972) (because interlocutory judgment was not severed from rest of case, it only became appealable because it merged into final judgment disposing of the whole case); *New Hampshire Ins. Co. v. Tobias*, 80 S.W.3d 146, 148 (Tex. App.—Austin 2002, no pet.) (where court rendered default judgment, then severed defaulted claims, "[b]ecause the severed cause contained no pending claims, the severance made the default judgment against appellant final and appealable."); *Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied) (appeal of final judgment "brought forward the entire case, including earlier interlocutory orders that were not independently appealable.").

Moreover, Rule 25.1 does not limit the issues an appellant, having properly invoked appellate court jurisdiction over the parties to the order appealed from, may raise on appeal. *Anderson v. Long*, 118 S.W.3d 806, 809-10 (Tex. App.—Fort Worth 2003, no pet.) (plaintiff whose notice indicated appeal from plea to jurisdiction could also argue on appeal propriety of summary judgment where it involved same parties); *Gunnerman*, 106 S.W.3d at 824-25 (appeal need not be limited to issues listed in notice of appeal). Even had there been any error, we must follow the policy that is embodied in the appellate rules to disfavor disposing of appeals based upon harmless procedural defects and construe the rules reasonably, yet liberally. *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).[2] We hold that the notice of appeal was sufficient to invoke the Court's jurisdiction as to both points on appeal.

However, we agree with appellees that the underlying dismissal was proper because Chapter 106 does not address employment discrimination. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 106.001-.004 (West 2005). When the legislature enacted TCHRA in 1983, it repealed the language from the predecessor to Chapter 106 dealing with the refusal to employ or the discharge of a person because of race, religion, color, sex, or national origin and moved that language into

---

[2] In *Verburgt*, the supreme court favored preserving an appeal:

> This Court has never wavered from the principle that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal. We have repeatedly held that a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction.

*Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997).

TCHRA.[3]  Both acts were part of the same legislation, House Bill 14.  *See generally* Act of June 25, 1983, 68th Leg., 1st C.S., ch. 7, 1983 Tex. Gen. Laws 37.  The remaining sections of Chapter 106 do not concern employment at all.[4]  Tex. Civ. Prac. & Rem. Code Ann. §§ 106.001-.004.  Although it has been argued that the prohibition in 106(a)(5) on withholding a benefit broadly prohibits many forms of discrimination, including in employment, this view has been rejected as contrary to the legislature's intent.  *See Duke v. University of Tex. at El Paso*, 663 F.2d 522, 525-26 (5th Cir. 1981)

---

[3]  *See* Act of June 25, 1983, 68th Leg., 1st C.S., ch. 7, §§ 5.01 (including language in TCHRA that prohibits discriminatory employment practices), 10.02 (repealing sections from the predecessor to Chapter 106 containing nearly identical language regarding discriminatory hiring and firing of employees), 1983 Tex. Gen. Laws 37, 45, 56-57 (codified at Tex. Lab. Code Ann. § 25.051 (West 1996) and Tex. Civ. Prac. & Rem. Code Ann. §106.001 (West 2005), respectively).

[4]  Chapter 106 now reads:

   (a)  An officer or employee of the state or of a political subdivision of the state who is acting or purporting to act in an official capacity may not, because of a person's race, religion, color, sex, or national origin:

      (1)  refuse to issue to the person a license, permit, or certificate;

      (2)  revoke or suspend the person's license, permit, or certificate;

      (3)   refuse to permit the person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

      (4)  refuse to permit the person to use facilities open to the public and owned, operated, or managed by or on behalf of the state or a political subdivision of the state;

      (5)  refuse to grant a benefit to the person;

      (6)  impose an unreasonable burden on the person; or

      (7)  refuse to award a contract to the person.

Tex. Civ. Prac. & Rem. Code Ann. §106.001(a) (West 2005).

(construing pre-TCHRA predecessor to Chapter 106, holding that legislature intended statute's prohibition in section 5 on withholding "benefit" to exclude employment issues because legislature addressed employment discrimination elsewhere in earlier sections and because legislature's prohibition of certain employment actions "supports an inference that [it] did not intend to outlaw other acts of employment discrimination"). Apart from our mandate to effectuate the intent of the legislature, we also must strictly construe penal statutes such as this one. *Id*. at 526-27 (because act sets criminal penalties, constitutional analysis requires strict reading); *see* Tex. Civ. Prac. & Rem. Code Ann. § 106.003 (violation of section 106.001 is misdemeanor punishable by fine, confinement, or both). We will follow the longstanding and proper reading of this section, which excludes a cause of action for employment-related discrimination. We hold the trial court did not err in dismissing the employment discrimination claims brought under Chapter 106 and overrule appellants' first issue.

**Severance**

Trial courts have broad authority in determining whether to sever claims and we do not reverse their decisions granting or denying a severance absent an abuse of discretion. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). Texas Rule of Civil Procedure 41 allows severance of claims before submission to the jury or when severance is just. *See* Tex. R. Civ. P. 41; *State Dep't of Highways & Pub. Transp. v. Cotner*, 845 S.W.2d 818, 819 (Tex. 1993) (per curiam). A severance is proper where: (1) the controversy involves more than one cause of action; (2) the severed cause would be the proper subject of a lawsuit if independently asserted; and (3) the severed causes are not so intertwined that they involve identical facts and issues.

6

*Horseshoe Operating Co.*, 793 S.W.2d at 658. It is improper to sever a single cause of action into two in order to obtain an appellate ruling. *Dalisa v. Bradford*, 81 S.W.3d 876, 880-81 (Tex. App.—Austin 2002, no pet.) (action for attorneys' fees improperly severed from underlying suit because it cannot stand alone). However, if a court grants a severance in order to make a judgment final and appealable, that reason alone is not enough to find an abuse of discretion if the claim is properly severable. *See Saxer v. Nash Phillips-Copus Co. Real Estate*, 678 S.W.2d 736, 740 (Tex. App.—Tyler 1984, writ ref'd n.r.e.).

Appellants argue that it makes no practical sense to sever their causes of action because it would result in re-litigation of the same issues and potential double-recovery on attorneys' fees. Appellants claim that, because both sets of claims involve determinations of discrimination, retaliation, free speech, "and the like," and there are few substantive facts that could be admitted in the severed case that could not be admitted in the remaining case, severance cannot be proper.

We agree with appellees that claims under Chapter 106 and TCHRA are properly severable because they are entirely distinct in that they provide for different remedies against different entities, the conduct proscribed by each is different, and they will raise differing issues. TCHRA prohibits discriminatory employment practices by employers, labor unions, and employment agencies. *See*, *e.g.*, Tex. Lab. Code Ann. §§ 21.051 (employer), .052 (employment agency), .053 (labor organization) (West 1996). In contrast, Chapter 106 prohibits various non-employment related discrimination by state officers or employees acting in their official capacities. Tex. Civ. Prac. & Rem. Code Ann. § 106.001. Unlike TCHRA, Chapter 106 imposes criminal penalties. *Id*. § 106.003. Also, TCHRA, unlike Chapter 106, requires satisfaction of administrative requirements

7

before bringing suit[5] and applies a burden-shifting scheme: A plaintiff must first establish a *prima facie* case of employment discrimination in order to create a presumption of discrimination. *See Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 477 (Tex. 2001) (applying federal burden-shifting scheme from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The employer then bears the burden of offering some legitimate, nondiscriminatory reason for the unfavorable employment action. *Id.* If the employer does so, it eliminates the presumption of discrimination and shifts the burden back to the plaintiff to show that the proffered legitimate reason was a pretext. *Id.* This scheme of burdens does not apply in a Chapter 106 suit. Therefore, different facts and issues will certainly arise with regard to these distinct causes of action.

The facts that both sets of claims involve discrimination "and the like" and that they are asserted by various plaintiffs claiming similar (but not the same) adverse action by the same defendants does not prevent the claims from being properly severed. In short, the actual facts and issues are not the same. Appellants alleged that appellees retaliated against them when they complained about discrimination by rescinding their raises and altering the terms and conditions of their employment in order to harass them at work. Wright alleges that she was wrongfully terminated and denied higher paying positions. Other plaintiffs alleged a range of discriminatory acts, including that: some were fired for performing their jobs, others were fired after complaining, some receive lower pay than similarly situated non-minority employees, some did not receive various positions they applied for, some suffered changes in the terms and conditions of employment, and one was placed on an Improvement Plan. No single act is alleged to have caused recoverable

---

[5] *See* Tex. Lab. Code Ann. §§ 21.201-.258 (West 1996) (setting out deadlines and rules for pursuing administrative review before bringing civil action under TCHRA).

damages to the entire group of plaintiffs. Rather, each of these allegations is supported by a different set of facts. For instance, whether an outside applicant was or was not hired does not establish whether appellants' raises were rescinded. Even Wright's having been passed over for promotion would not establish that the terms and conditions of Hill's employment changed. It is true that these claims have something in common; they all allege discriminatory behavior by appellees. However, the evidence of facts to prove each will necessarily vary widely. These facts are not so intertwined that the trial court lacked the discretion to sever the claims. *See Cotner*, 845 S.W.2d at 819 (husband's claim against department for failure to warn of dangerous road condition was improperly severed from wife's claim where wife was in same car, sued upon same event, and each requested damages for injury to wife).

We conclude that appellants are incorrect in their assertion that their Chapter 106 causes of action and the other plaintiffs' TCHRA causes of action involve the same facts and issues. *See Horseshoe Operating Co.*, 793 S.W.2d at 658. We overrule their second issue.

## CONCLUSION

Having overruled both of appellants' issues, we affirm the judgment of the trial court dismissing and severing their claims.

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear; Justice Kidd Not Participating

Affirmed.

Filed: July 27, 2005

9