**Affirmed and Opinion Filed August 3, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01384-CV

## IN THE INTEREST OF K.V.K., A CHILD

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-19679**

# MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

This is an appeal from the trial court's July 28, 2014 order adjudicating parentage and final order in suit affecting the parent-child relationship ("final judgment of July 28, 2014"). In five issues, Mother challenges the trial court's calculation of "unpaid child support" by Father and an October 23, 2014 order appointing Tim Gonzalez as guardian ad litem for K.V.K. and ordering Mother to pay half of his fees.[1] We conclude Mother failed to preserve her complaints concerning the "unpaid child support" and her complaints about the order appointing the ad litem are not properly before us. Accordingly, we affirm the trial court's judgment.

---

[1] Father cross-appealed. However, he died during the pendency of the appeal, and no brief was filed on his behalf. *See Casillas v. Cano*, 79 S.W.3d 587, 591 (Tex. App.—Corpus Christi 2002, order) (noting that, under Texas Rule of Civil Procedure 152, a deceased defendant may be represented by an executor, administrator, or heir). Pursuant to Texas Rule of Appellate Procedure 7.1(a)(1), we determine Mother's issues as if Father were alive. *See* Tex. R. App. P. 7.1(a)(1). Because the issues raised by Mother affect her property rights, the appeal is not moot in spite of Father's death. *See Kenseth v. Dallas Cty.*, 126 S.W.3d 584, 593-94 (Tex. App.—Dallas 2004, pet. denied).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This suit was filed in October 2012, about a month before K.V.K.'s birth. Although Mother and Father had lived together, they were no longer dating at the time of filing.

The record reflects a temporary orders hearing was held July 8, 2013. At the hearing, the trial court heard evidence that Father had a "serious history of drug use," and, although he had no income, he "had resources made available to him in a consistent basis through his family." Based on that evidence, the trial court appointed Mother temporary sole managing conservator of K.V.K., granted Father weekly supervised visitation, and ordered Father to pay monthly child support of $970 beginning July 15, 2013.

Father did not pay child support as ordered, but over the next year, he worked on his sobriety and reached an agreement with Mother on the issues of conservatorship, possession and access, and child support going forward. At trial, evidence was presented showing Father owed $10,571.74 in child support, Father had provided some clothing for K.V.K. between the date of her birth and the date of the temporary orders hearing, and Father's parents had paid $4000 for repairs at Mother's house and given her a $500 Walmart gift card and $500 worth of clothes and toys for K.V.K. The trial court accepted the agreement of the parties and, based on the evidence presented, granted Mother a judgment for $6632 in child support arrears, all as set out in the final judgment of July 28, 2014.

## II. PROCEDURAL LIMITS TO ISSUES RAISED

Generally, appellate courts are limited to reviewing issues that are (1) properly preserved and (2) arise from an appealable interlocutory order, final judgment that disposes of all parties and claims in the record, or orders subsumed within the final judgment. *See* TEX. R. APP. P. 33.1(a)(1)(A) (error is preserved when timely objection or motion is presented to trial court "with sufficient specificity to make the trial court aware of the complaint"); *see also Jack B.*

*Anglin Co. Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (appeals may only be taken from final judgments that dispose of all legal issues between all parties or from interlocutory orders authorized by statute); *Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied) (appeal from final judgment brings forward earlier orders that merged into final judgment). Issues that fail to satisfy these prerequisites present nothing for review.

*A. Unpaid Child Support*

Mother's first two issues challenge the trial court's calculation of "unpaid child support." Specifically, Mother complains the trial court erred in crediting Father's unpaid child support obligation with his parents' payment for repairs to her house and his parents' gifts of clothes, toys, and a gift card. However, Mother failed to preserve those issues. *See* TEX. R. APP. P. 33.1(a)(1)(A). The record reflects the trial court orally pronounced this ruling at the conclusion of trial, but Mother did not object. The record further reflects Mother filed a motion for new trial and an amended motion for new trial.[2] In each, Mother listed several grounds for a new trial, but the alleged error in allowing a credit for Father's parents' gifts and payment of repairs was not one of them. *See id; see also* TEX. R. CIV. P. 321 (requiring motion for new trial to "briefly refer to that part of the ruling of the court . . . complained of"). Accordingly, these issues present nothing for us to review.

*B. Appointment of Ad Litem*

Mother's third, fourth, and fifth issues complain of the trial court's October 2014 order appointing Tim Gonzalez as guardian ad litem for K.V.K. and ordering Mother to pay half of his fees. That order was rendered by the trial court in response to Gonzalez's September 4, 2014

---

[2] Mother also filed a supplement to the motion and affidavit in support. However, they were filed October 17, 2014 and October 21, 2014, respectively, more than sixty days after the final judgment of July 28, 2014 was signed. *See* TEX. R. CIV. P. 329b(b) (requiring motion for new trial and any amended motion for new trial be filed within thirty days of judgment). Because they were untimely filed, they are "a nullity for purposes of preserving issues for appellate review." *See Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003).

–3–

"Motion for Continuation of Appointment of Guardian ad Litem for K.V.K., A Child" ("motion for continuation"). In his motion for continuation, Gonzalez cited his prior service as ad litem for K.V.K. during the pendency of the suit for parentage and affecting the parent-child relationship. Gonzalez was discharged from any further service as ad litem in that action by the final judgment of July 28, 2014. However, he urged the trial court to reappoint him as ad litem, alleging Father was being denied possession and access to K.V.K. because Mother had failed to comply with certain provisions in the final judgment of July 28, 2014 concerning visitation. Gonzalez asserted Father had "initiated an enforcement action" against Mother, and his reappointment was necessary to protect K.V.K.'s interests during the post-judgment litigation between Mother and Father.

Under the provisions of the October 2014 order appointing Gonzalez as ad litem for K.V.K., Mother and Father each were required to cooperate with Gonzalez, pay fifty-percent of Gonzalez's fees accruing from and after September 9, 2014, and "deposit the sum of [1,250]" with Gonzalez by November 24, 2014. Further, the order provided that "[t]he court reserves the right to order additional cost deposits and additional attorney's fees before trial as necessary."

The record before us does not show what, if any, further orders were rendered by the trial court respecting the appointment of Gonzalez or his fees. The terms of the October 2014 order referred to above show it is not final. The parties were ordered to make a "deposit" and the trial court reserved the right to order additional fees and expenses to be paid "before trial." We conclude the October 2014 order was interlocutory as it did not dispose of all post-judgment issues. *See Jack B. Anglin*, 842 S.W.2d at 272. We further conclude the order is not an appealable interlocutory order and was not subsumed within the final order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2016) (listing appealable interlocutory orders); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 263 n.2 (Tex. App.—Dallas

–4–

2009, no pet.) (listing other rules and statutes authorizing interlocutory appeals); *Gunnerman*, 106 S.W.3d at 824. Accordingly, the issues asserted by Mother regarding the October 2014 order present nothing for us to review.

### III. CONCLUSION

Having concluded Mother's issues present nothing for our review, we affirm the trial court's judgment.

141384F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF K.V.K., A CHILD

No. 05-14-01384-CV

On Appeal from the 256th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-12-19679.
Opinion delivered by Justice Lang. Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 3rd day of August, 2017.