

# NUMBER 13-16-00682-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARTE C. GUILLEN,**                                                                         **Appellant,**

**v.**

**CAMERON COUNTY AND LA FERIA
INDEPENDENT SCHOOL DISTRICT,**                                                **Appellees.**

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Contreras, and Benavides
### Memorandum Opinion by Justice Rodriguez

Pro se appellant Marte C. Guillen appeals from a default judgment. By five issues, Guillen contends that the judge erred in denying his motion to recuse and that the default judgment was faulty. We affirm.

# I. PROCEDURAL HISTORY

This is a suit to collect delinquent taxes on property. In 2010, appellees Cameron County and La Feria Independent School District filed this suit to collect taxes from Delia Guillen, who was listed as the owner of the property. When it was discovered that Delia was deceased, appellees amended their petition to sue the known and unknown heirs of Delia Guillen and any other person having an interest in the property. Guillen answered, as did other defendants who do not participate in this appeal.

The case was called for trial on February 26, 2013. Guillen did not appear. Judge Janet Leal rendered a default judgment in favor of appellees. Guillen filed a motion for new trial. He also moved to recuse Judge Leal. Judge Leal granted the motion for new trial and voluntarily recused herself.

The case was then assigned to Judge Manuel Bañales, a visiting judge. Guillen moved to recuse and disqualify Judge Bañales as well. Judge Bañales denied the motion.

The motion to recuse Judge Bañales was referred to Judge Ana Lisa Garza for further consideration. Judge Garza held an evidentiary hearing, at which Guillen testified concerning his belief that Judge Bañales could not be impartial. On July 12, 2016, Judge Garza crossed out the word "GRANTED" on Guillen's proposed order, wrote "DENIED," and signed her name. However, Judge Garza did not cross out the next sentence in the order—"Therefore, it is hereby decreed that the judge of this Court is hereby recused"—leaving her order unclear.

The case was nonetheless returned to Judge Bañales, who rendered a default judgment after Guillen failed to appear at trial on August 29, 2016.

2

Guillen timely filed a motion for new trial on September 26, 2016. While that motion was pending, Judge Garza entered an "Order Nunc Pro Tunc" on October 3, 2016, in which she clarified her order on the motion to recuse Judge Bañales. The Order Nunc Pro Tunc stated that the motion to recuse was in all respects denied. Judge Bañales denied the motion for new trial on November 7, 2016.

Guillen filed his notice of appeal on December 12, 2016.

## II.    JURISDICTION

As an initial matter, appellees question the validity of Guillen's notice of appeal in two ways. First, appellees dispute whether it was timely. Appellees note that the judgment was rendered on August 29, 2016, but Guillen did not file his notice of appeal until December 12, 2016, more than ninety days later. Appellees contend that the notice of appeal was therefore untimely, even with a motion for new trial. *See* TEX. R. APP. P. 26.1(a)(1).

However, if a judgment is modified in any respect while the trial court retains plenary power, appellate deadlines do not run from the original judgment but "from the date when the modified judgment is signed." TEX. R. APP. P. 4.3(a); *Arkoma Basin Expl. Co., Inc. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 390 (Tex. 2008). The appellate deadlines are restarted by "any change, whether or not material or substantial." *Arkoma Basin*, 249 S.W.3d at 390–91. The Order Nunc Pro Tunc modified the final judgment, in that the Order Nunc Pro Tunc corrected an earlier interlocutory order that merged into the final judgment. *See Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 924 & n.10 (Tex. 2011). This modification reset the ninety-day period for filing a notice of appeal. *See Arkoma Basin*, 249 S.W.3d at 390–91. Guillen filed his notice of appeal on December

3

12, 2016, before the reset ninety-day period expired. *See* TEX. R. APP. P. 26.1(a)(1). Thus, contrary to appellees' argument, the notice of appeal was timely.

Next, appellees challenge the content of the notice of appeal. Appellees assert that Guillen failed to satisfy appellate rule 25.1(d)(2), which requires the notice of appeal to "state the date of the judgment or order appealed from." TEX. R. APP. P. 25.1(d)(2). The notice of appeal stated only the date of the final judgment from August 29, 2016; the notice of appeal did not mention the Order Nunc Pro Tunc that was rendered on October 3, 2016. Appellees contend that because the Order Nunc Pro Tunc was not mentioned in the notice of appeal, Guillen may not now challenge any issue related to the Order Nunc Pro Tunc. We disagree.

Rule 25.1(d)(2) does not require an appellant to list in the notice of appeal every ruling that he desires to challenge on appeal. *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 846–47 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (cataloging cases). Instead, by stating the date of the original final judgment in his notice of appeal, Guillen "brought forward the entire case" for consideration on appeal, including any other, subsidiary rulings. *See Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied). Appellate courts are required, after all, to interpret the rules of appellate procedure liberally in order to reach the merits of an appeal whenever possible. *Warwick Towers Council of Co-Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam); *see In re M.D.G.*, 527 S.W.3d 299, 303 (Tex. App.—El Paso 2017, no pet.) (overruling a challenge to defects under rule 25.1(d)(2) on this basis). "We have repeatedly held that a court of appeals has jurisdiction over any appeal in which the

4

appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997); *see Darya, Inc. v. Christian*, 251 S.W.3d 227, 231–32 (Tex. App.—Dallas 2008, no pet.) (overruling a challenge to defects under rule 25.1(d)(2) on this basis).[1]

Construing our appellate rules liberally in favor of jurisdiction, *see Warwick*, 244 S.W.3d at 839, we conclude that Guillen's timely notice of appeal concerning the final judgment was a bona fide attempt to invoke the appellate court's jurisdiction, which brought forward the entire case for our review. *See Verburgt*, 959 S.W.2d at 616; *Gunnerman*, 106 S.W.3d at 824. We therefore proceed to review the merits of Guillen's case.[2]

### III.    PLENARY POWER

In Guillen's fifth issue, he contends the trial court lacked plenary power when it entered the Order Nunc Pro Tunc. Guillen argues that Judge Garza's initial order denying recusal on July 12, 2016 was a final judgment. Guillen contends that the trial court's plenary power expired thirty days later, and the trial court therefore lacked plenary power when it attempted to enter a judgment nunc pro tunc on October 3.

However, when not following a trial on the merits, a judgment is only final if it does one of two things:   (1) expressly disposes of all parties and claims, or (2) includes a clear and unequivocal finality phrase such as "this judgment finally disposes of all parties and

---

[1] Furthermore, even assuming that our appellate rules were violated, at least one court has held that no harm flows from a violation of rule 25.1(d)(2) if the parties' briefing shows that they are able to discern which orders are the subject of appeal. *See In Interest of M.D.G.*, 527 S.W.3d 299, 303 (Tex. App.—El Paso 2017, no pet.). Here, appellees' briefing shows that they are well aware of which orders are disputed. *See id.*

[2] Appellees filed a motion raising the same arguments concerning the notice of appeal and asking this Court to dismiss the appeal for want of jurisdiction. We deny the motion.

all claims." *In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) (per curiam) (orig. proceeding). The July 12 order did neither. It is therefore not a final judgment.[3] *See id.*

Instead, final judgment was rendered on August 29, 2016. On that date, Judge Bañales rendered a default judgment which recited that it finally disposed of all parties and all claims and was appealable, therefore making it a final judgment. *See id.*

With the date of the final judgment fixed, the question of whether the trial court retained plenary power is readily determinable. Ordinarily, the trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the final judgment is signed. TEX. R. CIV. P. 329b(d). However, if a motion for new trial is timely filed, the trial court retains plenary power to modify the judgment until thirty days after all such timely-filed motions are overruled. *See id.* R. 329b(e). Guillen timely filed a motion for new trial on September 26, 2016, and that motion had not been overruled when the Order Nunc Pro Tunc was rendered on October 3, 2016. Thus, contrary to Guillen's assertion, the trial court retained plenary power when it rendered the Order Nunc Pro Tunc.

We overrule Guillen's fifth issue.

## IV. AUTHORITY TO CORRECT ORDER SUA SPONTE

By his second issue, Guillen contends that Judge Garza abused her discretion in correcting her earlier order sua sponte, without a hearing or motion from any party.

---

[3] Our rules of procedure make clear that an order denying recusal is not, by necessity, a final judgment. "An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. P. 18a(j)(1)(A). This rule makes clear an order denying a motion to recuse is separate and distinct from a final judgment.

However, the court has authority to correct any error in its orders and may do so *sua sponte* and without notice while it retains plenary power. *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp.*, 53 S.W.3d 799, 815 (Tex. App.—Austin 2001, pet. denied); *see Perez Bustillo v. State*, 718 S.W.2d 844, 848 (Tex. App.—Corpus Christi 1986, no writ); *see also Communicon, Ltd. v. Guy Brown Fire & Safety, Inc.*, No. 02-17-00330-CV, 2018 WL 1414837, at *9 (Tex. App.—Fort Worth Mar. 22, 2018, no pet.) (mem. op.); *Forest Sun Chancellor, L.P. v. City of Dallas*, No. 05-01-01125-CV, 2001 WL 1243460, at *2 (Tex. App.—Dallas Oct. 18, 2001, no pet.) (op.). A motion and a hearing were therefore not required before the trial court could issue the Order Nunc Pro Tunc.

Guillen's second issue is overruled.

## V. RECUSAL

By his third issue, Guillen contends that Judge Garza erred in denying his motion to recuse Judge Bañales. Guillen contends that he presented compelling evidence that Judge Bañales had been unfair and overtly political in his handling of a prior criminal case against Guillen. He contends that this evidence should have obliged Judge Garza to grant the motion to recuse.

### A. Testimony in Support of Motion to Recuse

At the recusal hearing, Guillen testified that he was once employed as a paralegal with the Willacy County District Attorney's office. He explained that because of his involvement in politics, local authorities became hostile to him, and that hostility led him to be indicted three times in the 1990s. He believed that one of those cases was presided over by Judge Bañales. According to Guillen, Judge Bañales's handling of the

case was unfair and politically biased in that Judge Bañales refused to hear his applications for writ of habeas corpus until after a local election had concluded.

Guillen believed that local bias against him was so pervasive that it was impossible to receive a fair trial in that locality, even though Judge Bañales was a visiting judge from another county. Guillen expressed that local police attempted to arrest him without any authority, that local taxing authorities had also treated him unfairly, and that there had been attempted kidnappings of his family. He was certain that through some form of conspiracy, the same sort of bias would be imparted on Judge Bañales as was displayed in the handling of his arrests and taxes. On cross-examination, Guillen agreed that he had been disbarred as an attorney, though he maintained that this too was due to bias and fabricated evidence.

After considering this evidence, Judge Garza denied Guillen's motion to recuse.

## B. Standard of Review and Applicable Law

We review the denial of a motion to recuse under an abuse of discretion standard on appeal from the final judgment. TEX. R. CIV. P. 18a(j)(1)(A); *Lueg v. Lueg*, 976 S.W.2d 308, 310 (Tex. App.—Corpus Christi 1998, pet. denied). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, without regard for guiding legal principles, or without supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court does not abuse its discretion for want of evidence if some evidence supports its decision. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 848 (Tex. 2008) (orig. proceeding).

Texas Rule of Civil Procedure 18b provides multiple grounds for recusal. *See* TEX. R. CIV. P. 18b(b). Potentially relevant to this case, rule 18b provides that a judge

8

must recuse himself in any proceeding in which the judge's impartiality might reasonably be questioned or the judge has a personal bias or prejudice concerning the subject matter or a party. *Id.*

Recusal is appropriate if a reasonable member of the public at large, knowing all the facts in the public domain concerning the judge's conduct, would have a reasonable doubt that the judge is actually impartial. *Estate of Nunu*, 542 S.W.3d 67, 87 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *Drake v. Walker*, 529 S.W.3d 516, 528 (Tex. App.—Dallas 2017, no pet.). "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and opinions the judge forms during a trial do not necessitate recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (per curiam) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## C. Application

Guillen testified that in the 1990s, Judge Bañales presided over the early stages of a criminal prosecution in which he was the defendant. He testified that Judge Bañales delayed ruling on his applications for habeas corpus until it was politically expedient to do so. Guillen contends that this delay shows Judge Bañales's bias against him.

However, Guillen's testimony concerning Judge Bañales's delay fails to establish an abuse of discretion. Even if Judge Garza believed this testimony, she could have reasonably determined that Judge Bañales's delay was not a manifestation of bias, but an impartial exercise of the court's "inherent power to control the disposition of cases 'with economy of time and effort for itself, for counsel, and for litigants.'" *See id.* (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)) (rejecting a claim of bias based on

time management).   These past "judicial rulings alone" do not suggest the sort of deep-seated favoritism or antagonism that would constitute a valid basis for a motion to recuse. *See id.*

Guillen also testified concerning his assumption that Judge Bañales would fall prey to coercion from local forces.   However, we start with the opposite assumption of a judge's character:   "we accept the notion that the conscientious judge will, as far as possible, make himself aware" of possible biases and "nullify their effect."   *See Liteky*, 510 U.S. at 562 (Kennedy, J., concurring) (internal quotations omitted).   "The acquired skill and capacity to disregard extraneous matters is one of the requisites of judicial office." *Id.*   From that starting point, the movant bears the burden of proving recusal is warranted. *Drake*, 529 S.W.3d at 528.   Guillen's testimony concerning a far-flung conspiracy involving his taxes, criminal charges, and disbarment did not carry that burden.   *See Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 375 (Tex. App.—Dallas 2005, no pet.) (rejecting recusal claim where appellant presented no evidence, other than his own testimony, that judge was part of a cult that was conspiring against him).

We conclude that Judge Garza did not abuse her discretion in denying Guillen's motion to recuse Judge Bañales.   We therefore overrule Guillen's third issue.

## VI.   APPEAL OF DEFAULT JUDGMENT

By his first and fourth issues, Guillen challenges the default judgment on its merits. However, Guillen failed to preserve error because he did not raise these issues in a motion for new trial to set aside the default judgment.   Rule 324 provides that a point in a motion for new trial is a prerequisite to a complaint on appeal on which evidence must be heard.   *See* TEX. R. CIV. P. 324(b)(1).   As examples of such complaints, rule 324

identifies complaints involving the "failure to set aside a judgment by default." *Id.*; *McAllen Med. Ctr. v. Rivera*, 89 S.W.3d 90, 94 (Tex. App.—Corpus Christi 2002, no pet.).

Guillen makes factual assertions in his brief which "underscore the need for an evidentiary hearing." *See Hendricks v. Barker*, 523 S.W.3d 152, 157 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Guillen contends that for several years, local authorities have been taxing him on two properties that do not belong to him, one of which is a local cemetery. Guillen contends, without any record citation, that each year the county's "clerks would assure Appellants that just pay that one year and Appellants' names would be removed from the tax rolls." Guillen alleges that the promised removal never occurred, and, instead, his taxes increased. These sorts of factual conflicts must be resolved in the trial court before we, the appellate court, can address them. *See id.* Because Guillen never called for an evidentiary hearing or presented these issues in a motion for new trial, he has preserved nothing for appellate review. *See id.*; *see also Castillo v. Zorrilla*, No. 13-12-00777-CV, 2013 WL 4715113, at *3 (Tex. App.—Corpus Christi Aug. 30, 2013, no pet.) (mem. op.) (same).

We overrule Guillen's first and fourth issues.

## VII. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 15th
day of November, 2018.

11