**AFFIRM; Opinion Filed June 9, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00610-CV

### JON MCPIKE AND LAURIE BETH MCPIKE, Appellants
### V.
### MONTGOMERY CAPITAL PARTNERS I, LP, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-05176-2020**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

In this bill of review proceeding, Jon and Laurie Beth McPike appeal the trial

court's final order granting summary judgment in favor of appellee Montgomery

Capital Partners I, LP ("MCP"). In two issues, the McPikes seek to reverse the trial

court's grant of summary judgment and obtain a remand of the case for further

proceedings. We affirm. Because all issues are settled in law, we issue this

memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On June 9, 2020, MCP obtained a default judgment against the McPikes. On

July 17, the McPikes filed a motion to extend post-judgment deadlines and a motion

for new trial, asserting they were never served with process in this case and received notice of the default judgment for the first time on July 14. On July 30, the McPikes filed an amended motion to extend post-judgment deadlines and a motion for leave for discovery in support of a motion for new trial.[1] However, the trial court did not rule on either motion, and the McPikes did not file any appeal of the default judgment.

In October 2020, the McPikes filed a petition for bill of review, seeking to set aside the default judgment because they were not served with process and, alternatively, they met the three elements to invoke a bill of review.[2] MCP answered and, in March 2021, moved for summary judgment, arguing the McPikes offered insufficient evidence to establish their claims of lack of service and had failed to exercise due diligence in exhausting all legal remedies before filing a bill of review. The McPikes responded, and MCP replied in support of their motion. In June 2021, the trial court signed an order granting summary judgment in favor of MCP and dismissing the McPikes' petition with prejudice. This appeal followed.

---

[1] The Texas Rules of Civil Procedure provide for extension of post-judgment deadlines when, as claimed here by the McPikes, a party does not receive notice of judgment within twenty days of its signing. *See* TEX. R. CIV. P. 306a. In order for a party to establish entitlement to extended periods to file an appeal or motion for new trial, among other things, a party who did not receive notice of an adverse judgment within twenty days of its signing must prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first received notice of the judgment or its signing. *See* TEX. R. CIV. P. 306a(5).

[2] Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant. *See Ross v. Nat'l Ctr. for Emp't of Disabled*, 197 S.W.3d 795, 797 (Tex. 2006).

## DISCUSSION

In their second issue, the McPikes urge that they exhausted all legal remedies before filing their petition for bill of review, such that the trial court erred in granting summary judgment in favor of MCP.[3]

In their motion for summary judgment, MCP argued that, although the McPikes had filed a motion to extend post-judgment deadlines pursuant to rule 306a and a motion for new trial after the trial court signed default judgment, they failed to obtain rulings on their requests to extend the deadlines and for new trial. MCP further argues the McPikes abandoned their motion for new trial by failing to include it in their amended motion to extend post-judgment deadlines.

The McPikes argue on appeal that they exhausted their legal remedies by filing their motion for extension of post-judgment deadlines and by scheduling a hearing on their motion. According to the McPikes, at that hearing, the trial court struck their evidence supporting their motion, and the motion was later overruled by operation of law, thus precluding them from filing a motion for new trial. The transcript of that hearing is not in the record before this Court. In a separate

---

[3] In their first issue, the McPikes argue the summary judgment record establishes there is a genuine dispute of material facts such that the trial court's grant of summary judgment was error. In its motion for summary judgment, MCP argued it conclusively negated the McPikes' claimed lack of service with evidence from the process server who served each of the McPikes and that the McPikes cannot controvert those facts. However, if the McPikes failed to exhaust all available legal remedies to set aside the default judgment after they became aware of the judgment, they are not entitled to relief by bill of review. *See Gunnerman v. Basic Cap. Mgmt., Inc.*, 106 S.W.3d 821, 826 (Tex. App.—Dallas 2003, pet. denied) (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam). Accordingly, we review the McPikes' second issue first.

memorandum, the trial judge listed findings in support of the grant of summary judgment, including that the McPikes failed to pursue legal remedies in at least three instances:

(1) the failure to file timely motion for new trial;

(2) the failure to follow up with the judge to have an order entered on the TRCP 306a(4) request for [extension of post-judgment deadlines] . . . ; and

(3) the failure to either appeal the implied denial of the TRCP 306a(4) request or seek a mandamus for failing to timely rule on the motion.

While the parties debate whether the McPikes abandoned their motion for new trial by later filing an amended motion and whether the McPikes failed to secure a ruling on their motion to extend post-judgment deadlines, we need not resolve those disputes because we conclude they failed to timely file a motion for new trial and further failed to appeal the implied denial of that ruling or seek a writ of mandamus ordering the trial court to rule on their motion. *See* TEX. R. CIV. P. 329b. Therefore, we hold that the trial court did not err in concluding that the McPikes failed to exhaust their legal remedies before filing their petition for bill of review. *See Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) (holding person must exercise due diligence to avail himself of all adequate legal remedies against former judgment before filing bill of review).[4]

---

[4] *Cf. Gunnerman*, 106 S.W.3d at 826 (reversing summary judgment where issue of fact existed regarding whether bill of review petitioners had received notice of judgment in time to file motion pursuant to rule 306a(4) of Texas Rules of Procedure and motion for new trial); *see*, *e.g., French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (holding that party was not entitled to bill of review with respect to summary

–4–

Accordingly, we overrule the McPikes' second issue. Therefore, we need not address the McPikes' first issue regarding whether the record contains a disputed material fact regarding their claimed lack of service in the default judgment proceedings. *See* TEX. R. APP. P. 47.1; *see also Gunnerman v. Basic Cap. Mgmt., Inc.*, 106 S.W.3d 821, 826 (Tex. App.—Dallas 2003, pet. denied).

### CONCLUSION

We affirm the trial court's judgment.

|  | /David J. Schenck// |
| 210610f.p05 | DAVID J. SCHENCK |
|  | JUSTICE |

---

judgment when he failed to file notice of appeal although he did file motion for new trial which was overruled by operation of law); *Simmons v. Slalom Shop, LLC*, No. 07-12-0169-CV, 2012 WL 5305791, at *1 (Tex. App.—Amarillo Oct. 29, 2012, no pet.) (mem. op.) (same); *Blakely v. Mortg. Elec. Registration Sys.*, No. 10–09–00341–CV, 2010 WL 2523428 (Tex. App.—Waco June 23, 2010, no pet.) (mem. op.) (holding that failure to pursue remedy by appeal even if document could be construed as motion for new trial precludes entitlement to bill of review).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JON MCPIKE AND LAURIE BETH
MCPIKE, Appellants

No. 05-21-00610-CV          V.

MONTGOMERY CAPITAL
PARTNERS I, LP, Appellee

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-05176-
2020.
Opinion delivered by Justice
Schenck. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellee MONTGOMERY CAPITAL PARTNERS I,
LP recover its costs of this appeal from appellant JON MCPIKE AND LAURIE
BETH MCPIKE.

Judgment entered this 9th day of June 2022.