Anderson v. Long

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-308-CV

LISA ANDERSON APPELLANT

V.

WAYLAND AND CARRIE LONG, APPELLEES

INDIVIDUALLY, AND D/B/A 2L TRUCK 

AND TRAILER SALES AND CUSTOM 

TRAILER INTERIORS

------------

FROM THE 271
ST
 DISTRICT COURT OF WISE COUNTY

------------

OPINION

------------

I.  Introduction

In this DTPA case, Lisa Anderson appeals from the trial court’s judgment granting the plea to the jurisdiction and motion for summary judgment filed by Wayland and Carrie Long, individually and d/b/a 2L Truck and Trailer Sales and Custom Trailer Interiors (the Longs).  In three issues, Anderson complains that the trial court’s judgment is erroneous because her lawsuit was timely and because she presented sufficient evidence of the Longs’ false, misleading, or deceptive acts and her resulting mental anguish damages to raise a fact issue on her DTPA claim.  We will affirm.

II.  Background Facts & Procedural History

Anderson purchased a customized trailer from the Longs in March 1996.  Soon thereafter, Anderson began experiencing a litany of problems with the trailer’s wiring, propane lines, batteries, and drainage.  
In March of 1998, Anderson sued the trailer’s manufacturer, Sooner Trailer Manufacturing Company, and the Longs, alleging causes of action for breach of contract, negligence, breach of certain implied warranties provided by the Uniform Commercial Code (UCC),
(footnote: 1) and violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA).
(footnote: 2)  Sooner was nonsuited in February 1999.

The Longs filed a plea to the jurisdiction with regard to Anderson’s DTPA claims, asserting that the statute of limitations on those claims had expired before Anderson filed her lawsuit.  The Longs also moved for summary judgment on Anderson’s breach of warranty and DTPA claims, but not on her 
breach of contract or negligence claims
.  
The trial court granted the motion for summary judgment, and Anderson appealed.  We dismissed the appeal for want of jurisdiction because the summary judgment did not dispose of Anderson’s breach of contract and negligence claims and did not appear final on its face.  
Anderson v. Long,
 52 S.W.3d 385, 386 (Tex. App.—Fort Worth 2001, no pet.).

Thereafter, the Longs reasserted their plea to the jurisdiction, but only as to Anderson’s breach of contract and negligence claims.  After a hearing, the trial court sustained the plea and dismissed Anderson’s breach of contract and negligence claims.  This appeal followed.  

III.  Plea to Jurisdiction

In her first issue, Anderson complains that the trial court improperly sustained the Longs’ plea to the jurisdiction because her DTPA claims were not barred by the statute of limitations.  She does not, however, challenge the trial court’s ruling on the plea as to her breach of contract and negligence claims.  Because the record shows that the trial court only sustained the Longs’ plea as to these claims, which Anderson does not challenge on appeal, we overrule her first issue.

IV.  Summary Judgment

In her second and third issues, Anderson complains that the trial court improperly granted the Longs a no-evidence summary judgment because she produced evidence that the Longs had engaged in false, misleading, or deceptive practices that were a producing cause of her mental anguish damages.
(footnote: 3)  The Longs assert that Anderson has waived her right to appeal the summary judgment because her notice of appeal states only that she is appealing from the trial court’s order sustaining the Longs’ plea to the jurisdiction.  They also contend that Anderson waived her right of appeal because she did not participate in the final pretrial hearing or file a motion for continuance or new trial.  

A.  Propriety of Summary Judgment Challenge

A party who seeks to alter a trial court’s judgment or other appealable order must file a notice of appeal.  
Tex. R. App. P.
 25.1(c).  The filing of a notice of appeal invokes the appellate court’s jurisdiction over all parties to the trial court’s judgment or order appealed from.  
Tex. R. App. P.
 25.1(b).  Thus, Anderson’s timely filing of her notice of appeal invoked our jurisdiction over the Longs, who were parties to the order sustaining the plea to the jurisdiction.

Nothing in Rule 25.1 limits the issues that Anderson, having properly invoked our jurisdiction, may raise on appeal.  
See Gunnerman v. Basic Capital Mgmt., Inc.,
 106 S.W.3d 821, 824-25 (Tex. App.—Dallas 2003, pet. filed) (holding that rules of appellate procedure do not provide that listing of certain issues in notice of appeal limits appeal to only those issues); 
see also Webb v. Jorns,
 488 S.W.2d 407, 408-09 (Tex. 1972) (holding that unsevered, partial summary judgment order was merged into trial court’s final judgment).  Rather, the limitation of appellate issues is governed by other appellate rules, none of which is implicated here.  
See, e.g.,
 
Tex. R. App. P.
 33.1 (providing that appellate issues are limited to complaints raised and ruled on in trial court); 
Tex. R. App. P.
 34.6(c) (providing that filing of partial reporter’s record limits appellate issues).  The requirement in Rule 25.1(d) that the notice of appeal must state the date of the judgment or order appealed from does not, as the Longs contend, limit what trial court rulings may be challenged on appeal.  
See
 
Tex. R. App. P.
 25.1(d).  Instead, the date of the judgment appealed from is used to determine whether the appeal is timely.  
See
 
Tex. R. App. P.
 26.1; John Hill Cayce, Jr., et al., 
Civil Appeals in Texas:  Practicing Under the New Rules of Appellate Procedure,
 49 
Baylor L. Rev.
 867, 886 (1997).  For all of these reasons, we hold that the language in Anderson’s notice of appeal does not preclude her from challenging the summary judgment for the Longs.

Further, the Longs cite no authority for their argument that Anderson was required to participate in the final pretrial hearing in order to complain on appeal of the trial court’s summary judgment.  Therefore, we will not consider this argument.  
See
 
Tex. R. App. P.
 38.1(h); 
see also Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (discussing long-standing rule that point may be waived due to inadequate briefing).  Having already been granted, the summary judgment was not even at issue in the final pretrial hearing, and a motion for new trial is not a prerequisite to an appeal of a summary judgment.  
Lee v. Braeburn Valley W. Civic Ass'n,
 786 S.W.2d 262, 263 (Tex. 1990).  Accordingly, we turn to the merits of Anderson’s second and third issues.

B.  Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.
;
 Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson,
 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

C.  No-Evidence Summary Judgment Grounds and Evidence

To state a cause of action under the DTPA, a claimant must show that (1) she is a consumer; (2) the defendants engaged in acts prohibited by the DTPA, such as certain false, misleading, or deceptive acts or practices; and (3) those acts were a producing cause of the claimant’s mental anguish or economic damages.  
Tex. Bus. & Com. Code Ann. 
§ 17.50(a).  
The Longs moved for a no-evidence summary judgment on Anderson’s DTPA claims on grounds that (1) there was no evidence that they had engaged in any false, misleading, or deceptive acts; and (2) there was no evidence that Anderson had suffered any mental anguish or economic damages.  Anderson’s consumer status was not challenged.

To recover mental anguish damages under the DTPA, a claimant must present “direct evidence of the nature, duration, and severity of the[] mental anguish, thus establishing a substantial disruption in the [claimant’s] daily routine.”  
Latham v. Castillo,
 972 S.W.2d 66, 69-70 (Tex. 1998);
 
Parkway Co. v. Woodruff,
 901 S.W.2d 434, 444 (Tex. 1995
).  Proof of a physical manifestation of mental anguish is not required.  
City of Tyler v. Likes,
 962 S.W.2d 489, 495 (Tex. 1997); 
Parkway Co.,
 901 S.W.2d at 44
3.  The claimant’s direct evidence may include her own testimony or that of a third party or expert witness.  
Parkway Co.,
 901 S.W.2d at 44
4.  If there is no direct evidence of mental anguish, we apply traditional no-evidence standards to determine whether the record reveals any evidence of a “high degree of mental pain and distress” that is “more than mere worry, anxiety, vexation, embarrassment, or anger.”  
Latham,
 972 S.W.2d at 70; 
Parkway Co.,
 901 S.W.2d at 444.

To support her mental anguish claim, Anderson averred that the trailer had been the source of extreme fright, constant worry, extreme apprehension, and nervousness on a daily basis for nearly the entire time she had owned it.  She testified that she was frightened that her trailer was going to burn down because she knew at least three customers of the Longs whose modified trailers had “burned to the ground” or suffered severe fire damage.
  Finally, Anderson stated that the experience had caused her to lose sleep and been “extremely nerve racking” and “extremely embarrassing on a daily basis” during the time in which she owned the trailer.  

Viewed in the light most favorable to Anderson, this testimony does not present more than a scintilla of evidence that her alleged mental anguish caused a substantial disruption in her daily routine or amounted to more than mere worry, anxiety, vexation, embarrassment, or anger.  
See Moore,
 981 S.W.2d at 269; 
Latham,
 972 S.W.2d at 69-70.  Further, 
Anderson’s complaint that she raised more than a scintilla of evidence of her economic damages is not briefed; therefore, this complaint is waived.  
See
 
Tex. R. App. P.
 38.1(h); 
Fredonia State Bank,
 881 S.W.2d at 284.
  Because Anderson presented no evidence that she suffered any damages as a result of the Longs’ alleged false, misleading, or deceptive acts, the trial court properly granted the Longs a no-evidence summary judgment on Anderson’s DTPA claims.  We overrule Anderson’s second and third issues.

V.  Conclusion

Having overruled all of Anderson’s issues on appeal, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY, J.; and DAVID L. RICHARDS, J. (Sitting by Assignment).

DELIVERED: August 7, 2003

FOOTNOTES
1:
See
 
Tex. Bus. & Com. Code Ann. 
§§ 2.314-.315 (Vernon 1994).

2:
See id.
 §§ 17.46, 17.50 (Vernon 2002).

3:
Anderson does not challenge the summary judgment on her breach of warranty claims under the UCC; therefore, we will affirm the summary judgment as to those claims.  Anderson does contend that the evidence raises a material fact issue concerning her breach of contract and negligence claims.  Because the trial court disposed of these claims by sustaining the Longs’ plea to the jurisdiction, however, rather than by summary judgment, we overrule this argument.