COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



MEMORANDUM ORDER

Appellate case name:     Telicia Owens v. Amy Rasmussen, M.D.; Brian Zachariah, M.D.; Krista
G. Handyside, M.D.; Inez A. Serrano, P.A.; Samuel J. Prater, M.D.;
Kenneth A. Totz, M.D.; George Al-Shamy, M.D.; Memorial Herman
Healthcare System d/b/a Memorial Herman Hospital Texas Medical
Center

Appellate case number:   01-12-01108-CV

Trial court case number: 2012-07534

Trial court:             152nd District Court of Harris County

Appellant, Telicia Owens, appeals from orders granting motions to dismiss her health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2013). Appellees Krista G. Handyside, M.D., Samuel J. Prater, M.D., and Memorial Hermann Healthcare System, doing business as Memorial Hermann Hospital Texas Medical Center have filed motions to dismiss the appeal for lack of jurisdiction. Appellees assert that "[b]ecause this is an accelerated appeal," appellant's notice of appeal was untimely filed. *See* TEX. R. APP. P. 26.1(b). In her response, appellant argues that appellees err in characterizing her appeal as interlocutory and subject to accelerated timelines. She argues that her notice of appeal was timely filed because she appeals from a final judgment. *See id.* 26.1(a).

A judgment is final "if it disposes of all pending parties and claims in the record." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims." *Id.* at 200. Further, a judgment is final for purposes of appeal notwithstanding that it expressly disposes of some, but not all, defendants, if the only remaining defendants have not been served or answered, and nothing in the record indicates that the plaintiff expects to obtain service on the unserved defendants, such that the case "stands as if there had been a discontinuance" as to the unserved defendants. *See In re Sheppard*, 193 S.W.3d 181, 187 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (citing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962)).

Here, on August 24, 2012, the trial court granted appellant's motion to non-suit defendants Inez A. Serrano, P.A. and Harris County Hospital District Auxiliary. On September 6, 2012, the trial court granted the motion by appellee Kenneth A. Totz, D.O. to dismiss appellant's health care liability claim against him. On November 9, 2012, the trial court granted

the motions by appellees Krista G. Handyside, M.D., Samuel J. Prater, M.D., and Memorial Hermann Healthcare System, doing business as Memorial Hermann Hospital Texas Medical Center to dismiss appellant's health care liability claims against them. The record in the trial court reflects that there are no remaining defendants who have been served or answered. *See id.* And appellant indicated in her response to the motions to dismiss that "there are no remaining defendants who have been served or can be served." *See id.*; *cf. M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (considering judgment final because remaining defendant had not been served and appellant had not indicated in trial court or court of appeals that she still expected to serve him).

We conclude that the trial court's November 9, 2012 orders constitute a final judgment. Although the trial court's orders do not recite that the trial court intended the dismissals to function as a final judgment, orders of dismissal that dispose of all claims for affirmative relief function as a final judgment. *See Lehmann*, 39 S.W.3d at 192–93, 200 (stating that order's language "cannot make it interlocutory when, in fact, it is a final disposition of the case" and "if a court has dismissed all of the claims in a case but one, an order determining that last claim is final"); *Noorian v. McCandless*, 37 S.W.3d 170, 173 (Tex. App.–Houston [1st Dist.] 2001, pet. denied) (stating final judgment may consist of several orders that cumulatively dispose of all parties and issues). The trial court's prior interlocutory orders then merged into the final orders. *See Roccaforte v. Jefferson Cnty*, 341 S.W.3d 919, 924 (Tex. 2011).

Absent certain post-judgment motions, as here, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a). Here, the record reflects that the trial court signed the final judgment on November 9, 2012 and appellant filed her notice of appeal on December 5, 2012. Thus, appellant timely filed her notice of appeal. *See id.* Accordingly, we **deny** the motions by Krista G. Handyside, M.D., Samuel J. Prater, M.D., and Memorial Herman Healthcare System d/b/a Memorial Herman Hospital Texas Medical Center to dismiss the appeal for lack of jurisdiction.

We note that appellant stated in her notice of appeal that she sought to challenge the trial court's November 9, 2012 orders dismissing Krista G. Handyside, M.D., Samuel J. Prater, M.D., and Memorial Hermann Healthcare System, doing business as Memorial Hermann Hospital Texas Medical Center. Although appellant did not list the September 6, 2012 order pertaining to Kenneth A. Totz, D.O. in her notice of appeal, "the rules do not require an appellant to list in the notice of appeal every interlocutory ruling that [she] may wish to challenge on appeal." *Ostrovitz & Gwinn, LLC v. First Specialty Ins. Co.*, 393 S.W.3d 379, 386 (Tex. App.—Dallas 2012, no pet.) (citing *Gunnerman v. Basic Capital Mgmt., Inc.*, 106 S.W.3d 821, 824 (Tex. App.—Dallas 2003, pet. denied) (holding that notice of appeal from final judgment "brought forward the entire case, including earlier interlocutory orders that were not independently appealable")); *see also Roccaforte*, 341 S.W.3d at 924 ("We have repeatedly held that the right of appeal should not be lost due to procedural technicalities."); *Vazquez v. Vazquez*, 292 S.W.3d 80, 82–83 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that appellant did not limit his issues on appeal by "gratuitously listing only some of those issues in his notice of appeal"); *Anderson v. Long*, 118 S.W.3d 806, 809–10 (Tex. App.—Fort Worth 2003, no pet.) (holding that appellant could challenge interlocutory partial summary judgment even though notice of appeal stated that appeal was from order sustaining subsequent plea to the jurisdiction).

Further, an appellee need not be definitively identified until the appellant's brief is filed. *See Gray v. Allen*, 41 S.W.3d 330, 331 n.2 (Tex. App.—Fort Worth 2001, no pet.); *see also*

*Guerrero v. Boyd*, No. 01-07-00465-CV, 2008 WL 5178563 (Tex. App.—Houston [1st Dist.] Dec. 11, 2008, no pet.). Here, in her brief, appellant seeks substantive relief adverse to the interest of appellee Kenneth A. Totz, D.O., namely, appellant seeks reversal of the trial court's order dismissing her claims against him. *See* TEX. R. APP. P. 3.1 (defining "appellee" as "a party adverse to an appellant").

Appellees Krista G. Handyside, M.D., Samuel J. Prater, M.D., and Memorial Herman Healthcare System d/b/a Memorial Herman Hospital Texas Medical Center have filed briefs.

An appellee's brief by Kenneth A. Totz, D.O., if any, must be filed **no later than 30 days from the date of this order**. *See* TEX. R. APP. P. 38.6(b).

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
         ☑ Acting individually     ☐ Acting for the Court

Date: April 29, 2014