

**In the**
**Court of Appeals**
**Second Appellate District of Texas**
**at Fort Worth**

_____

No. 02-19-00085-CV

_____

HARRIET NICHOLSON, Appellant

V.

BANK OF AMERICA, N.A. AND COUNTRYWIDE HOME LOANS, INC.,
Appellees

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-304598-18

Before Gabriel, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Harriet Nicholson sued Appellees Bank of America, N.A. (BoA) and Countrywide Home Loans, Inc. (Countrywide), and other defendants on claims related to the foreclosure of her home. The trial court granted summary judgment for BoA and Countrywide and severed the claims against them. Nicholson appeals from both the grant of summary judgment and the severance. We affirm.

### Background

On July 3, 2012, the substitute trustee under a deed of trust foreclosed on Nicholson's Tarrant County property. However, the notice of foreclosure sale listed the Dallas County courthouse as the location of the sale rather than the Tarrant County courthouse.

After the purchaser at the foreclosure sale brought a forcible detainer action to evict her, Nicholson filed suit in the 342nd district court of Tarrant County against the purchaser, the substitute trustee, BoA, and others for claims arising from the foreclosure sale and to stop her eviction. While that suit (*Nicholson I*) was pending, the substitute trustee executed a rescission of the 2012 foreclosure sale and of the substitute trustee's deed, and he recorded this instrument in the Tarrant County real property records. On October 26, 2017, the trial court signed a final judgment ordering that the substitute trustee's deed and rescission were invalid and void and dismissing Nicholson's remaining claims with prejudice.

In 2016, before rendition of a final judgment in *Nicholson I*, Nicholson filed this suit against the substitute trustee in the 48th district court of Tarrant County. By amended pleadings, she added Countrywide[1] and BoA as defendants. In Nicholson's eighth amended petition, she asserted (as she had in *Nicholson I*) claims for violations of Section 12.002 of the Texas Civil Practice and Remedies Code, negligence per se, gross negligence, and fraud, and she sought declaratory relief.[2] She also alleged civil conspiracy to commit fraud.

Countrywide and BoA each filed a motion for summary judgment. In BoA's motion, it asserted that it was entitled to judgment as a matter of law because Nicholson's claims were barred by res judicata and collateral estoppel. It challenged Nicholson's tort claims on the ground that they were barred by the economic loss

---

[1]Countrywide had been the servicer of Nicholson's loan, but by assignment to BAC Home Loans Servicing, LP and the merger of that entity with BoA, BoA became its servicer in 2011. While *Nicholson I* was pending in the 342nd, BoA transferred servicing of the loan to Nationstar Mortgage, LLC, effective December 1, 2014.

[2]Nicholson sought declarations that all the defendants had violated Section 12.002 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 12.002. She further sought numerous other declarations, including declarations that she was divested of title to her property on August 2, 2012; that the deed of trust "was wiped out on August 2, 2012"; that she had no contractual obligations under the deed of trust after that date; that she was an adverse possessor of the subject property after that date; that the notice of rescission "was an artifice and stratagem that was filed in the Tarrant County, Texas real property record"; that Countrywide was a non-existent entity on February 17, 2015; that the deed of trust was not assigned; and that the assignment of the deed of trust was an "invalid cloud and burden" on her property.

doctrine. It further moved for summary judgment on each of Nicholson's claims on the grounds that it was entitled to judgment "as a matter of law and undisputed fact" and that "Plaintiff cannot prove with competent summary judgment evidence each element of her claim."[3] Countrywide moved for summary judgment on identical grounds.

The trial court granted Countrywide's and BoA's summary judgment motions without specifying the grounds and subsequently granted their motions to sever. Nicholson filed a motion for new trial, which the trial court denied. Nicholson now appeals.

## Discussion

### I. This court has jurisdiction over both of Nicholson's issues.

We begin by considering Appellees' argument that we do not have jurisdiction over Nicholson's first issue. *See In re City of Dallas*, 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam). They argue that this court should dismiss Nicholson's

_____

[3]Appellees did not specify whether they sought summary judgment under Rule of Civil Procedure 166a(c), Rule 166a(i), or both. *See* Tex. R. Civ. P. 166a(c) (traditional summary judgment standard). Rather, they moved for summary judgment generally under Rule 166a. Further, for each of Nicholson's claims, Appellees asserted both that they were entitled to judgment "as a matter of law and undisputed fact" *and* that "Plaintiff cannot prove with competent summary judgment evidence each element of her claim." *See* Tex. R. Civ. P. 166a(c), (i). In her brief, Nicholson characterizes Appellees' motions as including both traditional and no-evidence grounds. Appellees argue that they did not move for no-evidence summary judgment. For purposes of this appeal, whether the motions were traditional motions or combined traditional and no-evidence motions makes no difference to our disposition.

4

first issue "in which she attempts to challenge the [summary judgment orders]," because in the section of her notice of appeal listing the date of the orders from which she appealed, she listed only the dates of the severance order—which rendered the summary judgments final—and the order denying her motion for new trial. We disagree.

Under the Texas Rules of Appellate Procedure, a notice of appeal must "state the date of the judgment or order appealed from." Tex. R. App. P. 25.1(d)(2). However, "[t]he requirement in Rule 25.1(d) that the notice of appeal must state the date of the judgment or order appealed from does not . . . limit what trial court rulings may be challenged on appeal," but rather "is used to determine whether the appeal is timely." *Anderson v. Long*, 118 S.W.3d 806, 810 (Tex. App.—Fort Worth 2003, no pet.). Nicholson's notice of appeal invoked this court's jurisdiction over Appellees, and Rule 25.1 does not limit the issues that Nicholson may bring on appeal. *See id.* at 809 (stating that "Anderson's timely filing of her notice of appeal invoked our jurisdiction over the Longs, who were parties to the order sustaining the plea to the jurisdiction" and that "[n]othing in [Texas Rule of Appellate Procedure] 25.1 limits the issues that Anderson, having properly invoked our jurisdiction, may raise on appeal"). We have jurisdiction over both of Nicholson's issues.

## II. The trial court did not err by granting summary judgment.

In her first issue, Nicholson challenges the trial court's summary judgment orders. However, her entire argument for that issue is as follows:

Countrywide . . . did not prove they appeared or answered in *Nicholson [I]* (342-262692-12). [Countrywide] and [BoA] did not prove the post-foreclosure claims, that arose after *Nicholson [I]* was filed, were litigated or could have been litigated. Appellant/Plaintiff provided controverting evidence to prove the post-foreclosure claims were not allowed to be litigated in *[Nicholson I]*. There was sufficient evidence before the trial court to support every element of each of Plaintiff's claim and genuine issues of material fact (controverting evidence) that should have gone to trial, thereby precluding the grant of summary judgment to [Countrywide] and [BoA]. [Countrywide] and [BoA] failed to prove every element of each of its affirmative defenses and Plaintiff provided controverting evidence precluding summary judgment on [Countrywide]'s and [BoA]'s summary judgment on affirmative defenses that should have gone to trial.

This argument is not sufficient to challenge each ground on which summary judgment may have been granted; nowhere in her brief does Nicholson mention the economic loss rule or challenge the grant of summary judgment on her tort claims on the basis that they were barred by the economic loss rule. *See Miller v. El Campo Holdings LLC*, No. 02-15-00388-CV, 2017 WL 370936, at *3 (Tex. App.—Fort Worth Jan. 26, 2017, no pet.) (mem. op.) ("When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground."). Accordingly, we must affirm the trial court's summary judgment as to her tort claims on that basis alone.

Further, Nicholson failed to explain how the record[4] shows that she provided controverting evidence defeating Appellees' entitlement to judgment on any of her claims, including her claims under Section 12.002 and her requests for declaratory relief. Nicholson provides limited references to the record in her brief, and for the most part, when she does point to evidence in the record, she does so to support factual allegations about defendants who are not parties to this appeal rather than to support her claims against Appellees. For the evidence she mentions that does relate to Appellees, Nicholson does not explain how any of that evidence shows that Appellees made, presented, or used any document with intent to cause Nicholson to suffer physical injury, financial injury, or mental anguish or emotional distress. *See* Tex. Civ. Prac. & Rem. Code Ann. § 12.002. She also failed to explain how any evidence in the record provided support for her multiple requests for declaratory relief. That is, Nicholson did not merely fail to provide page numbers for evidence in the record that would support her claims. Instead, she failed to explain how any evidence in the record related to her claims, much less raised a fact issue. Because Nicholson does not tell us why the summary judgment evidence raised a fact issue sufficient to defeat summary judgment, we would not only have to search the record for relevant evidence, we would be obliged to make her argument for her as to why

---

[4]The parties' summary judgment motions, responses, and evidence take up over five hundred pages in the record, not counting BoA's and Countrywide's briefs in support of their respective motions.

that evidence raised a fact issue on her claims.[5] *See City of Keller v. Hall*, 433 S.W.3d 708, 729 (Tex. App.—Fort Worth 2014, pet. denied); *Cooper v. McFadin*, No. 2-06-173-CV, 2007 WL 2405124, at *1 (Tex. App.—Fort Worth Aug. 24, 2007, pet. denied) (mem. op). Accordingly, we overrule Nicholson's first issue.

## III. The trial court did not abuse its discretion by severing the claims against Countrywide and BoA.

In her second issue, Nicholson complains of the trial court's severance order. A trial court does not abuse its discretion in severing a claim if "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues."

*Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 188 (Tex. App.—Fort

---

[5]In her Statement of the Case and Statement of the Facts, Nicholson asserted the following facts mentioning or referencing Appellees. Nicholson's property was sold at a foreclosure sale on July 3, 2012. On May 6, 2014, a BoA "customer advocate" told Nicholson that the foreclosure sale "remained in place" and that her "account was not active and had not been assessed any late fees or penalties that would have accrued" after the foreclosure sale. Then, on July 24, 2014, a notice of rescission was filed in the Tarrant County real property records. "On or around *July 24, 2014* [BoA] purported to have reinstated Appellant's loan documents relying on the Notice of Rescission . . . during the pendency of a lawsuit to reverse an invalid foreclosure sale and enjoin a wrongful post-foreclosure eviction without Appellant's knowledge or consent." Then, on November 12, 2014, BoA "allegedly transferred servicing of the purported reinstated loan documents to Nationstar Mortgage, LLC, to service." On June 20, 2016, a BoA "resolution specialist" advised Nicholson that a notice of rescission had been executed effective as of July 24, 2014, but this notice of rescission was subsequently declared invalid by the trial court (in *Nicholson I*). Nicholson does not explain how these facts or any evidence supporting them relates to her claims on which Appellees were granted summary judgment.

Worth 2004, no pet.) (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g)). The controlling reasons for granting a severance "are to do justice, avoid prejudice, and further convenience." *Id.*

Nicholson's argument in her brief is simply that her claims against Countrywide and BoA "were the same cause of actions against" other defendants and that "[because] the cause[s] of actions were identical, involving the same facts and issues, the trial court effectively severed parties and split[ ] cause[s] of actions into another lawsuit." She further asserted that "[Countrywide's and BoA's] supporting affidavit[s] relied on evidence involving the same facts and issues from" the other defendants.

Nicholson does not, however, address whether the severed claims, if asserted independently, were the proper subject of a lawsuit and does not explain how the severed claims are so interwoven with the remaining action that they involve the same facts and issues. *See* Tex. R. App. P. 38.1(i); *City of Keller*, 433 S.W.3d at 729. Further, "a trial court may sever dismissed claims from remaining claims in order to render an otherwise interlocutory judgment final and appealable," *Aviation Composite*, 131 S.W.3d at 187 n.5, and Nicholson does not explain why the trial court abused its discretion by severing her claims in order to render its interlocutory summary judgment orders final and appealable. *See id.*; *see also Watson v. City of Southlake*, No. 02-18-00143-CV, 2019 WL 4509047, at *10 (Tex. App.—Fort Worth Sept. 19, 2019, pet. filed) (citing *Aviation Composite* for the proposition that "*[r]egardless* of whether the claims could be maintained separately, 'a trial court may sever dismissed claims from remaining claims

9

in order to render an otherwise interlocutory judgment final and appealable."' (emphasis added)).  Nicholson also failed to explain how severing her claims against Countrywide and BoA harmed her in any way.  *See* Tex. R. App. P. 38.1(i), 44.1(a); *Thomas v. Logic Underwriters, Inc.*, No. 02-16-00376-CV, 2017 WL 5494386, at *5 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.).  For these reasons, we overrule her second issue.

## Conclusion

Having overruled Nicholson's two issues, we affirm the trial court's summary judgment and severance orders.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  December 31, 2019