**Affirmed and Opinion filed July 27, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00579-CV

_____

### WOLFE'S CARPET, TILE & REMODELING, LLC, Appellant

### V.

### GARY AND BEVERLY BOURELLE, Appellees

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-69479**

## O P I N I O N

Appellant Wolfe's Carpet, Tile & Remodeling, LLC ("Wolfe") sued appellees Gary and Beverly Bourelle (together, "the Bourelles"), asserting the Bourelles owed Wolfe money pursuant to a construction contract. The Bourelles filed a motion for summary judgment and argued that the parties' contract was void for violating Texas Insurance Code section 4102.051, which prohibits a person from "act[ing] as a public insurance adjuster . . . unless the person holds a license." *See* Tex. Ins. Code Ann. § 4102.051(a). The trial court granted the Bourelles' summary judgment motion.

After the trial court signed a final judgment, Wolfe appealed. For the reasons below, we affirm the trial court's final judgment.

## BACKGROUND

The Bourelles hired Wolfe to make certain repairs on their property after it was damaged during Hurricane Harvey. According to Wolfe, it performed approximately $40,000 in work on the Bourelles' property but the Bourelles refused to remit the amount owed to Wolfe.

Wolfe sued the Bourelles in 2018 and asserted claims for breach of contract, quantum meruit, and unjust enrichment. Wolfe also requested a declaratory judgment regarding the mechanic's and materialman's lien on the Bourelles' property. The Bourelles filed an answer and asserted multiple counterclaims against Wolfe.

The Bourelles filed a motion for summary judgment, asserting the parties' construction contract was void under the Texas Insurance Code because, via the contract's terms, Wolfe was holding itself out as a public insurance adjuster. On November 2, 2021, the trial court signed an order granting in part the Bourelles' summary judgment motion. The trial court granted summary judgment on Wolfe's claims and, in its findings, stated that the Bourelles "have opted to void the Contract with [Wolfe] per the Texas Insurance Code." The trial court denied the Bourelles' summary judgment motion with respect to their counterclaims.

The Bourelles then filed a second summary judgment motion addressing the lien on their property, which the trial court granted in January 2022. The Bourelles filed a "Notice of Nonsuit" with respect to their remaining counterclaims. But in an apparent change of heart, the Bourelles withdrew their notice of nonsuit and filed a fourth amended answer reasserting their counterclaims.

2

In March 2022, the trial court signed an "Order on Motions for Modification, Correction and New Trial." In its order, the trial court (1) affirmed the November 2021 order granting in part the Bourelles' summary judgment motion and voiding the parties' contract, (2) vacated the January 2022 order granting the Bourelles' second summary judgment motion with respect to the lien on their property, and (3) granted the Bourelles' motion for leave with withdraw their nonsuit.

The Bourelles filed a third summary judgment motion, again seeking to remove the lien on their property. The trial court signed an order granting the motion and removing the lien. The trial court signed a final judgment on July 8, 2022, that (1) reiterated its rulings granting the Bourelles' first and third summary judgment motions, (2) imposed a $25,000 bond to stay enforcement of the order removing the lien, and (3) dismissed without prejudice the Bourelles' claims against Wolfe. The final judgment states that it "dispos[es] of all remaining causes of action and is appealable." Also on July 8, 2022, the trial court signed and dated a "Notice of Nonsuit" filed by the Bourelles, in which they nonsuited all their claims against Wolfe. Wolfe timely filed a notice of appeal.

## ANALYSIS

Raising two issues on appeal, Wolfe asserts the trial court erred by (1) voiding the parties' contract for violating the Texas Insurance Code, and (2) removing its lien on the Bourelles' property. The Bourelles respond to Wolfe's issues and also contend that Wolfe's notice of appeal failed to preserve any issues for appellate review. We begin with the Bourelles' preservation contention before turning to Wolfe's issues.

## I. Wolfe's Notice of Appeal

Wolfe's notice of appeal states that it appeals the following orders signed by

the trial court:

1. the Notice of Nonsuit signed July 8, 2022;
2. the Final Summary Judgment signed January 26, 2022; and
3. the Order for Interlocutory Summary Judgment signed November 2, 2021.

The Bourelles assert that these listed orders are insufficient to preserve Wolfe's appellate issues for the following reasons:

- The trial court signed two orders on July 8, 2022: a final judgment and the Bourelles' "Notice of Nonsuit." Wolfe's appellate brief did not raise any issues challenging the "Notice of Nonsuit" even though this was the challenged order listed on its notice of appeal.

- The trial court vacated the January 2022 final summary judgment.

- The November 2021 interlocutory summary judgment (which voided the parties' contract) merged into the final judgment.

We conclude that these challenges do not deprive us of jurisdiction to consider Wolfe's issues on appeal.

The contents of a notice of appeal are governed by the Texas Rules of Appellate Procedure, which state that the notice must include "the date of the judgment or order appealed from." Tex. R. App. P. 25.1(d). In cases challenging the sufficiency of a notice of appeal, the Texas Supreme Court has consistently held that "a timely filed document, even if defective, invokes the court of appeals' jurisdiction." *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam); *see also Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) ("disposing of appeals for harmless procedural defects is disfavored"). The supreme court advocates for a policy that "appl[ies] rules of procedure liberally to reach the merits of the appeal whenever possible." *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam).

Applying this precept, this court also takes a liberal approach when evaluating alleged errors in notices of appeal. *See, e.g.*, *Human Biostar, Inc. v. Celltex Therapeutics Corp.*, 514 S.W.3d 844, 846 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (rejecting the appellee's argument that the court lacked jurisdiction because appellants' notices of appeal listed the wrong order); *Lackshin v. Spofford*, No. 14-03-00977-CV, 2004 WL 1965636, at *2 (Tex. App.—Houston [14th Dist.] Sept. 7, 2004, pet. denied) (mem. op.) (notice of appeal was not defective despite listing incorrect date for final judgment); *Griggs v. Wood*, No. 14-00-00226-CV, 2001 WL 987906, at *1 n.1 (Tex. App.—Houston [14th Dist.] Aug. 30, 2001, no pet.) (not designated for publication) (declining to dismiss notice of appeal because it did not state the date of the judgment or the order appealed from).

Based on a liberal application of the appellate rules, Wolfe's notice of appeal is sufficient to preserve its issues for appellate review. Wolfe seeks to challenge (1) the trial court's summary judgment voiding the parties' contract on grounds that it violates the Insurance Code, and (2) the trial court's removal of the lien on the Bourelles' property. The summary judgment complained of in Wolfe's first issue was ruled on in the trial court's November 2021 order, which was one of the challenged orders listed in Wolfe's notice of appeal. The Bourelles do not cite any case law holding that listing the interlocutory order — but not the final judgment — in the notice of appeal deprives the appellate court of jurisdiction to consider the issue. *See Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012) ("An appellant can preserve error in the body of their appellate brief, even if it is not separately listed in the notice of appeal or presented as an issue in the brief."); *see also, e.g.*, *Anderson v. Long*, 118 S.W.3d 806, 809-10 (Tex. App.—Fort Worth 2003, no pet.) (holding that the appellant could challenge an interlocutory partial

summary judgment even though the notice of appeal stated that the appeal was from the order sustaining a subsequent plea to the jurisdiction).

Wolfe's notice of appeal also lists the "Notice of Nonsuit signed July 8, 2022" as one of the appealed orders. On the trial court's docket sheet, the July 8, 2022 final judgment also is listed as the "Order of Non-Suit signed July 8, 2022" despite the document's header stating that it is a "Final Judgment." Construing the notice of appeal in conjunction with the trial court's docket sheet suggests Wolfe was attempting to appeal the final judgment — particularly since Wolfe did not raise any issues in its appellate brief challenging the nonsuit that also was signed on July 8, 2022.

Finally, the Texas Rules of Appellate Procedure require only that the notice of appeal list "the *date* of the judgment or order appealed from." Tex. R. App. P. 25.1(d) (emphasis added). Wolfe's notice includes the correct date for the final judgment, even though it lists the incorrect title.

In sum, because notices of appeal are to be liberally construed, the alleged issues with Wolfe's notice of appeal do not warrant declining to reach the merits of its appeal. We overrule the Bourelles' argument on this point.

## II.     Texas Insurance Code Section 4102.051

In the trial court, the Bourelles filed a summary judgment motion seeking to void their contract with Wolfe on grounds that the contract violated the Texas Insurance Code's prohibition against persons holding themselves out as public insurance adjusters. *See* Tex. Ins. Code Ann. § 4102.051. The trial court signed an order granting the summary judgment motion and declaring the parties' contract void. Wolfe challenges this summary judgment in its first issue on appeal.

We review a trial court's order granting a traditional summary judgment *de*

*novo. Mid-Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). To prevail on a traditional summary judgment, a movant must prove entitlement to judgment as a matter of law on the issues pled and set out in the motion. Tex. R. Civ. P. 166a(c); *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 607 (Tex. 2013). When a defendant moves for summary judgment, it must disprove at least one essential element of the plaintiff's cause of action in order to prevail. *Doggett v. Robinson*, 345 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

As part of our summary judgment review, we consider all the evidence in the light most favorable to the nonmovant. *Leonard v. Knight*, 551 S.W.3d 905, 909 (Tex. App.—Houston [14th Dist.] 2018, no pet.). When, as here, the trial court specifies the grounds on which it is granting summary judgment, our review is limited to the question of whether it was proper to grant summary judgment on those grounds. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

The issue resolved on summary judgment centers around the parties' construction contract. In construing a written contract, the court's goal is to ascertain the true intentions of the parties as expressed in the instrument. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). When construing a contract, we give contract terms their plain, ordinary, and generally-accepted meanings unless the contract itself shows them to be used in a technical or different sense. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). We construe contracts from a utilitarian standpoint, bearing in mind the business activity sought to be served; we avoid a construction that is unreasonable, inequitable, or oppressive. *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (per curiam).

If a contract is unambiguous, we construe it as a matter of law. *Am. Mfrs.*

*Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003). A contract is unambiguous if it can be given one certain or definite legal interpretation. *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 205 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The fact that the parties disagree about a contract's meaning does not necessarily show that the contract is ambiguous. *Id*.

Here, the trial court's summary judgment concluded that the parties' contract violates Texas Insurance Code section 4102.051(a), which states:

> A person may not act as a public insurance adjuster in this state or hold himself out to be a public insurance adjuster in this state unless the person holds a license issued by the commissioner[.]

Tex. Ins. Code Ann. § 4102.051(a). The term "person" is defined to include a corporation. *See id*. § 4102.001(2). Any contract entered into by an insured and a person or company acting in violation of section 4102.051 "may be voided at the option of the insured." *Id*. § 4102.207(a). If a contract is so voided, the insured "is not liable for the payment of any past services rendered, or future services to be rendered, by the violating person under that contract or otherwise." *Id*. § 4102.207(b).

The Texas Insurance Code defines "public insurance adjuster" as follows:

(A)    a person who, for direct, indirect, or any other compensation:

    (i)    acts on behalf of an insured in negotiating for or effecting the settlement of a claim or claims for loss or damage under any policy of insurance covering real or personal property; or

    (ii)    on behalf of any other public insurance adjuster, investigates, settles, or adjusts or advises or assists an insured with a claim or claims for loss or damages under any policy of insurance covering real or personal property; or

(B)    a person who advertises, solicits business, or holds himself or herself out to the public as an adjuster of claims for loss or damage under any policy of insurance covering real or personal property.

*Id*. § 4102.001(3).

Section 4102.051 has been substantively applied in only three cases. *See Stellar Restoration Servs., LLC v. Courtney*, 533 F. Supp. 3d 394 (E.D. Tex. 2021); *Hill v. Spracklen*, No. 05-17-00829-CV, 2018 WL 3387452 (Tex. App.—Dallas July 12, 2018, pet. denied) (mem. op.); *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604 (Tex. App.—Fort Worth 2017, pet. denied).

In *Lon Smith*, the appellant (a roofing and construction company) appealed an order certifying a class action and asserted that the trial court misapplied the law underlying the claims at issue, including section 4102.051. 527 S.W.3d at 610, 615, 617. Specifically, the appellant asserted the trial court erred by relying on section 4102.051 to void the parties' contracts. *Id*. at 617. In relevant part, the parties' contract stated:

> This Agreement is for FULL SCOPE OF INSURANCE ESTIMATE AND UPGRADES and is subject to insurance company approval. By signing this agreement homeowner authorizes [the appellant] to pursue homeowner[s'] best interest for all repairs, at a price agreeable to the insurance company and [the appellant]. The final price agreed to between the insurance company and [the appellant] shall be the final contract price.

*Id*. at 620.

On appeal, the appellant asserted that it merely agreed to "discuss" the amount of damages and costs of replacement with the homeowners' insurance companies but did not agree to "advocate on behalf of a consumer." *Id*. Rejecting this argument, the court focused on the fact that the parties' contract authorized the appellant to (1) pursue the homeowners' "best interest for all repairs", and (2) settle the final contract price between the insurance company and the appellant. *Id*. Accordingly, the contract ran afoul of section 4102.051's prohibition against companies advertising, soliciting business, or holding themselves out as public

insurance adjusters.  *Id*. at 620-21.

The court also rejected the appellant's argument that it did not *act* as a public insurance adjuster but merely *held itself out* as a public insurance adjuster. *Id*. at 620.  Stating that this was "a distinction without a difference," the court held that the appellant "was prohibited from both acting as and holding itself out as a public insurance adjuster" under section 4102.051.  *Id*.

The Dallas Court of Appeals in *Hill v. Spracklen*[1] reached the same conclusion when it analyzed similar contractual language.  2018 WL 3387452, at *4-5.  In relevant part, the *Hill* contract stated:

> This agreement is for FULL SCOPE OF INSURANCE ESTIMATE AND UPGRADES and is subject to insurance company approval.  By signing this agreement homeowner authorizes [the appellant] to pursue homeowner's best interests for all repairs at a price agreeable to the insurance company and [the appellant], and at NO ADDITIONAL COST TO HOMEOWNER EXCEPT THE INSURANCE DEDUCTIBLE AND UPGRADES.  The final price agreed to between the insurance company and [the appellant] shall be the final contract price.
>
>       *               *               *
>
> By signing this agreement the homeowner authorizes [the appellant] to work on behalf of the insured to secure approval for estimate of necessary roof and any other repairs of the home.  Once insurance approval is secured, this agreement becomes a binding contract for the work approved by the insurance company, homeowner and [the appellant].  Cost of job will be as per insurance estimate.
>
> This agreement does not obligate [the appellant] or the homeowner in any way, unless work is approved by the insurance company on homeowner's behalf.

---

[1] This case was transferred from the Fort Worth Court of Appeals.  Accordingly, the court noted that it was bound by the 2017 *Lon Smith* decision discussed above.  *See Hill*, 2018 WL 3387452, at *4 n.5.

*Id*. at *2. Concluding that the contract violated section 4102.051, the court noted that the appellant agreed to (1) "pursue [the] homeowners['] best interests," and (2) reach a settlement with the appellees' insurance company. *Id*. at *5. Therefore, the appellant "explicitly agreed to advocate on behalf of a consumer, which is prohibited conduct." *Id*.

Conversely, in *Stellar Restoration*, the district court concluded that the parties' contract did not violate section 4102.051. 533 F. Supp. 3d at 420-21. The district court pointed to four key differences between the contract at issue and those analyzed in *Lon Smith* and *Hill*:

- The contract did not authorize or require Stellar to act in the insured's best interest.

- The contract did not authorize Stellar to reach a final contract price with the insurance company. Rather, the contract authorized Stellar to obtain "an estimate" after investigating and evaluating the sustained damage.

- The contract acknowledged that other parties may be involved, "such as an insurance carrier, public insurance adjuster, agents, consultants, and others."

- The contract contained a disclaimer stating: "Customer acknowledges that Stellar is not a public adjuster and cannot act to negotiate or settle an insurance dispute or claim."

*Id*.

Here, the relevant language in the parties' contract falls between that analyzed in *Lon Smith*/*Hill* and *Stellar Restoration*. In relevant part, the contract states:

> OWNERS [sic] ONLY FINANCIAL RESPONSIBILITY WILL BE THE DEDUCTIBLE AND DEPRECIATION.
>
> NOTE: ***THE WORK TO BE COMPLETED AND MONIES DUE WILL BE THE AGREED SCOPE OF PRICE AGREED UPON WITH THE ADJUSTER AND INSURANCE COMPANY***.

FINANCIAL PROCEEDS: If the cost of the work being performed by [Wolfe] is subject to the provisions of an insurance policy, Owner(s) agree to instruct its mortgage company(s) to make payable to Owner(s) and [Wolfe] on any checks to be distributed on behalf of the Owner(s) for the payment of such covered work for materials and labor. Owner(s) further consent that all such checks shall be surrendered to both Owner(s) and [Wolfe], be deposited into a financial account in the name of [Wolfe], and be applied to the balanced of the build back from the insurance scope to [Wolfe].

\* \* \*

ASSIGNMENT AGREEMENT: ***We furthermore authorize [Wolfe] to negotiate to said Insurance Company and Mortgage Institution if necessary, on our behalf a quick and fair settlement with our insurance carrier (With Owners Approval)***. All checks are to be made payable to both Owner(s) and [Wolfe].

(emphasis added).

We agree with the trial court: this contractual language violates section 4102.051. Section 4102.051 prohibits a company from advertising, soliciting business, or holding itself out as a "public insurance adjuster," which includes acting on behalf of an insured "in negotiating for or effecting the settlement" of an insurance claim covering real property. *See* Tex. Ins. Code Ann. §§ 4102.001(3), 4102.051(a). By its terms, the parties' contract authorized Wolfe to "negotiate to said Insurance Company . . . on [the Bourelles'] behalf a quick and fair settlement." This language falls squarely within that prohibited by section 4102.051.

The courts in *Lon Smith* and *Hill* emphasized two components of the contracts at issue to support their conclusions that the contracts violated section 4102.051: that the contracts authorized the appellants to (1) pursue the homeowners' "best interest" for all repairs, and (2) reach a settlement price with the insurance companies. *See Hill*, 2018 WL 3387452, at \*5; *Lon Smith*, 527

12

S.W.3d at 617. Although the contract here does not use the phrase "best interest," it does state that Wolfe is permitted to work on the Bourelles' behalf to secure "a quick and fair settlement." The agreement also authorizes Wolfe to reach a "settlement." These similarities to the analyses in *Lon Smith* and *Hill* provide further support to the conclusion that the parties' contract violates section 4102.051. Likewise, the parties' contract permitted Wolfe more liberties than the one analyzed in *Stellar Restoration* and did not contain a disclaimer stating that Wolfe was not acting as a public insurance adjuster.

Arguing against this conclusion, Wolfe asserts that "[n]o acts were taken by [Wolfe] to negotiate [the Bourelles'] scope of work with the insurance company." This argument was rejected in *Lon Smith*. *See* 527 S.W.3d at 617. As the *Lon Smith* court pointed out, section 4102.051 prohibits a company from advertising, soliciting business, or holding itself out as a public insurance adjuster — not just taking action as a public insurance adjuster. *See* Tex. Ins. Code Ann. §§ 4102.001(3)(B); 4102.051(a). Accordingly, Wolfe's argument does not vitiate the fact that, via its contract with the Bourelles, it advertised, solicited business, or held itself out as a public insurance adjuster in violation of section 4102.051. Therefore, the Bourelles were entitled to void the contract and avoid liability for the payment of any past services rendered by Wolfe. *See id.* § 4102.207(a), (b).

Wolfe also points out that, with their summary judgment motion, the Bourelles attached an unsworn declaration by Gary Bourelle voiding the parties' contract. Wolfe argues that the court may not void the parties' contract because Beverly Bourelle did not file a similar declaration.

Wolfe does not cite any case law or other authority to support this contention. In *Lon Smith* and *Hill*, a declaration was not mentioned as a necessary prerequisite to voiding the parties' contracts. *See also Phila. Indem. Ins. Co. v.*

13

*White*, 490 S.W.3d 468, 490-91 (Tex. 2016) (recognizing that when an agreement cannot be performed without violating the law or public policy, it is *per se* void); *Indian Oil Co. v. Bishop Petroleum Inc.*, 406 S.W.3d 644, 649 (Tex. App.— Houston [14th Dist.] 2013, pet. denied ("A contract to do an act which cannot be performed without violation of the law violates public policy and is void."). Therefore, this argument does not impede the Bourelles' ability to void the parties' contract under the provisions of the Texas Insurance Code.

In sum, the trial court did not err in concluding that the parties' construction contract violates section 4102.051 of the Texas Insurance Code. *See* Tex. Ins. Code Ann. §§ 4102.001(3)(B); 4102.051(a). Accordingly, the trial court did not err in granting summary judgment on Wolfe's breach of contract claim. *See id*. § 4102.207.

Wolfe also pleaded claims for quantum meruit and unjust enrichment in its original petition. On appeal, Wolfe does not argue that these claims are not similarly invalidated on grounds that the parties' contract violates section 4102.051. *See id*. § 4102.207(b) ("If a contract is voided under this section, the insured is not liable for the payment of any past services rendered, or future services to be rendered, by the violating person under that contract or otherwise."); *see also Hill*, 2018 WL 3387452, at *4-5 (after holding that the parties' contract violated section 4102.051, the court concluded that it did not need to address whether the trial court erred by refusing to submit a jury question on the appellant's quantum meruit claim). Nor did Wolfe raise any other grounds challenging the trial court's summary judgment on these claims. *See* Tex. R. App. P. 38.1; *see also, e.g.*, *DeWolf v. Kohler*, 452 S.W.3d 373, 388 (Tex. App.— Houston [14th Dist.] 2014, no pet.) (affirming summary judgment because the appellant did "not challenge the summary judgment on this claim on any

14

grounds"). Therefore, the trial court did not err by granting summary judgment on these claims.

We overrule Wolfe's first issue.

## III. Removal of the Lien on the Bourelles' Property

The trial court also signed an order granting the Bourelles' motion to remove Wolfe's lien on their property, finding that the lien was unenforceable under Texas Property Code section 53.160. Wolfe challenges this order in its second issue.

Section 53.160 provides that, when a lien affidavit is filed on homestead property, a motion to remove the lien may be based on the assertion that "no contract was executed or filed." Tex. Prop. Code Ann. § 53.160(b)(6). A valid contract is required to fix a construction lien on a homestead. *See id*. § 53.254(a).

Here, the Bourelles relied on section 53.160 to remove the lien on their property and argued that the parties' contract was void under Texas Insurance Code section 4102.051. As discussed above, we conclude that the trial court did not err when it held that the parties' contract violated section 4102.051. *See* Tex. Ins. Code Ann. §§ 4102.001(3)(B); 4102.051(a). Therefore, the trial court did not err in removing the lien on the Bourelles' property.

We overrule Wolfe's second issue.

### CONCLUSION

We affirm the trial court's July 8, 2022 final judgment.

/s/    Meagan Hassan
Justice


Panel consists of Justices Bourliot, Hassan, and Wilson.